1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   D. RONALD RYLAND, CAL. BAR NO. 49749
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111
4  Telephone: (415) 434-9100
   Facsimile: (415) 434-3947
5
   Attorneys for Defendants
6  GALT MEDICAL CORP., THERAGENICS
   CORPORATION, and JIM EDDINGS
7
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
11  TIM DUVALL,                           Case No.

12                  Plaintiff,
                                          **JOINT NOTICE OF REMOVAL OF**
13  v.                                    **ACTION UNDER 28 U.S.C. § § 1441,**
                                          **1446 and 1332 (DIVERSITY)**
14  GALT MEDICAL CORP.,
    THERAGENICS CORPORATION,
15  JIM EDDINGS, and DOES 1-99, inclusive,

16                  Defendants.

17

18

19         TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

20  NORTHERN DISTRICT OF CALIFORNIA:

21         PLEASE TAKE NOTICE that Defendants Galt Medical Corp. ("Galt"),

22  Theragenics Corporation ("Theragenics"), and Jim Eddings ("Eddings") (collectively,

23  "Removing Defendants") hereby remove to this Court the state court action described

24  below:

25         On June 11, 2007, an action was commenced in the Superior Court of the

26  State of California in and for the County of San Francisco, entitled *Tim Duvall, Plaintiff, v.*

27  *Galt Medical Corp., Theragenics Corporation, Jim Eddings, and Does 1 through 99,*

28  *inclusive, Defendants*, as Case No. CGC-07-464119.

1    Defendant Galt was served with a copy of the Complaint and a Summons
2  from the state court on or about June 19, 2007. Defendant Theragenics was served with a
3  copy of the Complaint and a Summons from the state court on or about June 21, 2007.
4  Defendant Eddings was served with a copy of the Complaint and a Summons from the
5  state court on or about June 20, 2007. Defendant Galt was the first defendant served.
6  Therefore, this Notice is timely as it was filed within 30 days of service on the first
7  defendant served.

8    A copy of the Complaint served on the Removing Defendants is attached
9  hereto as **Exhibit A**. A copy of the Summons served on the Removing Defendants is
10  attached hereto as **Exhibit B**. A copy of the Notice to Plaintiff served on the Removing
11  Defendants is attached hereto as **Exhibit C**, and sets a case management conference for
12  November 9, 2007. Other than the Complaint, Summons, and Notice to Plaintiff, no
13  process, pleading or order has been served by or on the Removing Defendants in the state
14  court action. Therefore, all process, pleadings or orders are attached hereto as Exhibits A-
15  C.

16    **INTRADISTRICT ASSIGNMENT**

17    Assignment to this Court is proper as the action is pending in San Francisco
18  County Superior Court.

19    **JURISDICTION**

20    This action may be removed to this court pursuant to 28 U.S.C. § 1441(a) &
21  (b) because this action is a civil action of which this Court has original jurisdiction under
22  28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum of $75,000,
23  exclusive of interest and costs, and Plaintiff and all Removing Defendants are citizens of
24  different states, and no Removing Defendant is a citizen of California.

25    The Removing Defendants are informed and believe that Plaintiff is now,
26  and was at the time of the filing of the Complaint and at all intervening times, a citizen of
27  the State of California.

28

1   Defendant Galt is now, and was at the time of the filing of this Complaint
2   and at all intervening times, a Texas corporation with its principal place of business in
3   Garland, Texas.

4   Defendant Theragenics is now, and was at the time of the filing of this
5   Complaint and at all intervening times, a Delaware corporation with its principal place of
6   business in Georgia.

7   Defendant Eddings is now, and was at the time of the filing of this
8   Complaint and at all intervening times, a resident of Dallas, Texas.

9   This removal is timely having been made within 30 days of service of the
10   Complaint on the first of the Removing Defendants to be served (Galt) and within one year
11   of the date the action was filed originally.  (28 U.S.C. § 1446(b).)

12   The Removing Defendants reserve the right to amend or supplement this
13   Notice of Removal.

14   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being
15   filed with the Clerk of the Superior Court of the State of California, County of San
16   Francisco.

17   Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are providing
18   written notice to Plaintiff of the removal of this action.

19   WHEREFORE, the Removing Defendants hereby remove the action now
20   pending against them in the Superior Court of the State of California, County of San
21   Francisco to this Honorable Court.

22   Dated: July 17, 2007

23   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24

25   By _____

26   D. RONALD RYLAND

27   Attorneys for Defendants
28   GALT MEDICAL CORP., THERAGENICS
     CORPORATION, and JIM EDDINGS

# EXHIBIT A

1    Phil Horowitz (State Bar #111624)
     Law Offices of Phil Horowitz
2    One Market Plaza
     Steuart Tower, Suite 2630
3    San Francisco, California 94105
     Telephone: (415) 391-0111    CASE MANAGEMENT CONFERENCE SET
4    Facsimile: (415) 391-0123
     E-mail: phil@creative.net
5
     Attorneys for Plaintiff                        NOV – 9 2007 – 9ᵃᵐ AM
6    Tim Duvall
                                                    DEPARTMENT 212
7
                                                                    SUMMONS ISSUED
8
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                    IN AND FOR THE COUNTY OF SAN FRANCISCO
10
11   TIM DUVALL,                              CGC-07-464119
12               Plaintiff,       )          Case No.
                                  )
13         v.                     )          COMPLAINT FOR:
                                  )
14   GALT MEDICAL CORP.,          )          (1)  BREACH OF CONTRACT
     THERAGENICS CORPORATION,     )               REGARDING STOCK OPTIONS;
15   JIM EDDINGS, and             )          (2)  BREACH OF THE COVENANT OF
     DOES 1 through 99, inclusive,)               GOOD FAITH AND FAIR DEALING;
16                                )          (3)  VIOLATION OF CALIFORNIA
                 Defendants.      )               LABOR CODE;
17                                )          (4)  PROMISSORY FRAUD; and
                                  )          (5)  CONVERSION.
18                                )
                                  )          Amount Demanded Exceeds
19   _____)          $10,000 (Government Code §72055)
20                                           JURY TRIAL DEMANDED
21
22         Plaintiff complains against defendants, and each of them, demands a trial
23   by jury of all issues except costs and attorneys' fees, and for causes of action
24   alleges:
25               FACTS COMMON TO ALL CAUSES OF ACTION
26         1.  Plaintiff Tim Duvall was employed by defendant Galt Medical Corp. as
27   its Vice President of Marketing from about February 2002 through about early
28   April 2005.

                                      - 1 -
                                    Complaint

*ENDORSED*
*FILED*
SAN FRANCISCO COUNTY
SUPERIOR COURT
2007 JUN 11  AM 9:42
GORDON PARK-LI, CLERK
BY  Deborah Steppe
    DEPUTY CLERK

1  2. Defendant Galt Medical Corp. is a corporation doing business in the
2  State of California at all pertinent times.

3  3. Defendant Theragenics Corporation is a corporation doing business in
4  the State of California at pertinent times.

5  4. Defendant Jim Eddings was at all pertinent times President and Chief
6  Executive Officer of defendant Galt Medical Corp.

7  5. The true names and capacities of defendants sued as Does are
8  unknown to plaintiff. Plaintiff is informed and believes that each of the Doe
9  defendants was responsible in some way for the occurrences and injuries alleged
10  in this complaint.

11  6. Plaintiff is informed and believe that in doing the things alleged in this
12  complaint, each defendant was acting as an agent or employee of every other
13  defendant, was acting within the course and scope of this agency or
14  employment, and was acting with the consent, permission, and authorization of
15  each of the remaining defendants. Plaintiff is also informed and believe that all
16  actions of each defendant alleged in this complaint were ratified and approved by
17  the officers or managing agents of every other defendant.

18  7. Plaintiff Tim Duvall and defendant Galt Medical Corp. entered into a
19  written employment contract on about February 9, 2002. Among other things,
20  that written employment contract provided as follows:

21  "3.  You will be granted an option to purchase 100,000 shares of
    common stock of Galt Medical. These options are tied to your
22  employment and will vest in equal increments as follows:

23      a)  25,000 shares available immediately at an exercise price of
          $1.00 per share
24      b)  25,000 shares at 2/15/03 for $1.50 per share
        c)  25,000 shares at 2/15/04 for $1.75 per share
25      d)  25,000 shares at 2/15/05 for $2.00 per share

26  "4.  In the event the Company were to be sold before the three year
    period, all shares would vest immediately. A formal option plan is in
27  the making and will be forwarded to you upon completion."

28  ///

- 2 -
Complaint

1      8. Defendants Galt Medical Corp. and Jim Eddings assured plaintiff Tim

2   Duvall that a formal stock option plan was in the making and would be

3   forwarded to Mr. Duvall upon completion. However, neither these defendants

4   nor anyone else ever forwarded a formal stock option plan to Mr. Duvall.

5      9. In about November 2004, plaintiff Tim Duvall reminded defendants Galt

6   Medical Corp. and Jim Eddings that the last of his stock options would be fully

7   vested soon after the beginning of the next year. Defendants Galt Medical Corp.

8   and Jim Eddings did not dispute Mr. Duvall's entitlement to these stock options

9   and admitted that they had been remiss in addressing Mr. Duvall's

10  compensation.

11     10. During approximately the week of December 27, 2004, defendants

12  Galt Medical Corp. and Jim Eddings told plaintiff Tim Duvall that, as a result of

13  an audit, it might be advisable to change Mr. Duvall's stock options into a stock

14  grant. Defendants Galt Medical Corp. and Jim Eddings told Mr. Duvall that more

15  information about this would be sent to Mr. Duvall shortly.

16     11. At about the end of January 2005, defendants Galt Medical Corp. and

17  Jim Eddings told plaintiff Tim Duvall that they were working on formalizing the

18  documentation of Mr. Duvall's stock options or, if advisable and agreeable,

19  documentation to convert Mr. Duvall's stock options into stock grants.

20     12. In about March 2005, plaintiff Tim Duvall informed defendants Galt

21  Medical Corp. and Jim Eddings that he was resigning in order to accept a position

22  as Chief Executive Officer of another company.

23     13. In about early April 2005, during plaintiff Tim Duvall's last official

24  assignment as an employee of defendant Galt Medical Corp. before his

25  resignation became effective, defendants Galt Medical Corp. and Jim Eddings

26  asked Mr. Duvall whether he wanted to exercise any of his stock options at that

27  time, as they were then 100% vested. Mr. Duvall asked what had happened

28  about the issue of potentially converting the stock options to stock grants. In

1  response, defendants Galt Medical Corp. and Jim Eddings told Mr. Duvall that
2  Galt Medical Corp. had decided to stay with stock options.  Mr. Duvall responded
3  by telling defendants Galt Medical Corp. and Jim Eddings that he would not
4  exercise his stock options at that time in the hope that their value would
5  continue to increase.

6      14.  In about late March 2006 or early April 2006, about a year after
7  plaintiff Tim Duvall's employment with Galt Medical Corp. had ended, plaintiff
8  Tim Duvall and his wife helped out defendant Galt Medical Corp. at an important
9  meeting.  At that meeting, defendants Galt Medical Corp. and Jim Eddings
10  thanked Mr. Duvall for that help.  Mr. Duvall responded by saying that he was
11  always willing to help out with his investment, referring to his stock options in
12  Galt Medical Corp.  Defendants Galt Medical Corp. and Jim Eddings responded
13  that they were doing their best to take care of Mr. Duvall's investment in Galt
14  Medical Corp.

15      15.  Effective on about August 2, 2006, defendants Galt Medical Corp. and
16  Jim Eddings entered into a written agreement purporting to sell 100% of the
17  stock and 100% of the stock derivatives, including stock options, of Galt Medical
18  Corp. to defendant Theragenics Corporation for $34,000,000.

19      16.  This written agreement to sell all of the stock and stock derivatives of
20  defendant Galt Medical Corp. to defendant Theragenics Corporation provided in
21  part that all owners of Galt Medical Corp. stock derivatives, including stock
22  options, would be paid at the closing of the sale the portion of the $34,000,000
23  purchase price "allocable to the number of Company shares subject to the
24  option," subtracting "the aggregate applicable exercise price" and "reduced by
25  any required tax withholding."

26      17.  Plaintiff is informed and believes that the purported sale of all stock
27  and stock derivatives, including stock options, of Galt Medical Corp. closed on
28  about August 2, 2006.

1    18.  Plaintiff was not informed about, and did not learn about, the

2  purported sale of all stock and stock derivatives, including stock options, of Galt

3  Medical Corp. until after the sale closed.

4    19.  Neither defendant Galt Medical Corp. nor defendant Theragenics

5  Corporation nor anyone else has ever paid plaintiff Tim Duvall for his stock

6  options.  Instead, defendants Galt Medical Corp. and Jim Eddings purported to

7  transfer Mr. Duvall's stock options to defendant Theragenics Corporation without

8  paying Mr. Duvall for the stock options Mr. Duvall owned.

9

10                    **FIRST CAUSE OF ACTION**

11              **Breach of Contract Regarding Stock Options**

12          **By Defendants Galt Medical Corp. and Does 1 through 4**

13      As a first, separate and distinct cause of action, plaintiff Tim Duvall

14  complains against defendants Galt Medical Corp. and Does 1 through 4, and each

15  of them, and for a cause of action alleges:

16    20.  Plaintiff hereby incorporates by reference Paragraphs 1 through 19,

17  inclusive, as though set forth here in full.

18    21.  Plaintiff Tim Duvall entered into a written employment contract with

19  defendants Galt Medical Corp. and Does 1 through 4 in about February 2002.

20  Among other things, that written employment contract provided as follows:

21      "3.    You will be granted an option to purchase 100,000 shares of
            common stock of Galt Medical.  These options are tied to your
22            employment and will vest in equal increments as follows:

23            a)    25,000 shares available immediately at an exercise price of
                  $1.00 per share
24            b)    25,000 shares at 2/15/03 for $1.50 per share
              c)    25,000 shares at 2/15/04 for $1.75 per share
25            d)    25,000 shares at 2/15/05 for $2.00 per share

26      "4.    In the event the Company were to be sold before the three year
            period, all shares would vest immediately.  A formal option plan is in
27            the making and will be forwarded to you upon completion."

28  ///

1    22. Plaintiff Tim Duvall undertook and continued employment with
2 defendant Galt Medical Corp. and duly performed all of the conditions of the
3 employment agreement to be performed by him through the time his
4 employment ended in about early April 2005.

5    23. Pursuant to his written employment agreement with defendant Galt
6 Medical Corp., by February 15, 2005 plaintiff Tim Duvall was 100% vested in,
7 and thereby owned, stock options for 100,000 shares of defendant Galt Medical
8 Corp.'s stock.

9    24. On or about August 2, 2006 and continuing thereafter, defendants
10 Galt Medical Corp. and Does 1 through 4 breached plaintiff Tim Duvall's written
11 employment agreement by failing to pay Mr. Duvall for his stock options and,
12 instead purporting to transfer Mr. Duvall's stock options to defendant
13 Theragenics Corporation without paying Mr. Duvall for the stock options Mr.
14 Duvall owned.

15    25. As a legal result of the breach of contract by Galt Medical Corp. and
16 Does 1 through 4, plaintiff Tim Duvall has suffered the loss of the value of his
17 stock options. Plaintiff will seek leave to amend this complaint to state the
18 amount, or will proceed according to proof at trial.

19    26. Plaintiff seeks an order requiring an accounting of defendants' books
20 and records to determine the precise amounts owed him.

21    27. Plaintiff is also entitled to, and hereby requests, an award of interest
22 pursuant to California §218.6 and any other applicable legal authority.

23    28. Plaintiff is also entitled to, and hereby requests, an award of
24 reasonable attorneys' fees and costs pursuant to California Labor Code §218.5
25 and any other applicable legal authority.

26 ///
27 ///
28 ///

**SECOND CAUSE OF ACTION**

**Breach of the Covenant of Good Faith and Fair Dealing**

**By Defendants Galt Medical Corp. and Does 1 through 4**

As a second, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp. and Does 1 through 4, and each of them, and for a cause of action alleges:

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth here in full.

30. Defendants Galt Medical Corp. and Does 1 through 4, and each of them, had the legal duty to act fairly and in good faith towards plaintiff in connection with his employment contract with them. These defendants covenanted to give full cooperation to plaintiff in his performance under the employment agreement, to treat plaintiff fairly and in good faith, to treat plaintiff the same way as other similarly situated employees, and to refrain from any act which would impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement, or which would prevent plaintiff from receiving the benefits of the employment agreement.

31. During the four years prior to the filing of this Complaint, defendants Galt Medical Corp. and Does 1 through 4 breached the covenant of good faith and fair dealing by failing to document Mr. Duvall's stock options in a formal stock option plan.

32. On about August 2, 2006, defendants Galt Medical Corp. and Does 1 through 4 breached the covenant of good faith and fair dealing by failing to pay Mr. Duvall for his stock options and, instead purporting to transfer Mr. Duvall's stock options to defendant Theragenics Corporation without paying Mr. Duvall for the stock options Mr. Duvall owned.

33. As a legal result of the breach of the covenant of good faith and fair dealing by defendants Galt Medical Corp. and Does 1 through 4, plaintiff Tim

1  Duvall has suffered the loss of the value of his stock options.  Plaintiff will seek
2  leave to amend this complaint to state the amount, or will proceed according to
3  proof at trial.

4       34.  Plaintiff seeks an order requiring an accounting of defendants' books
5  and records to determine the precise amounts owed him.

6       35.  Plaintiff is also entitled to, and hereby requests, an award of interest
7  pursuant to California §218.6 and any other applicable legal authority.

8       36.  Plaintiff is also entitled to, and hereby requests, an award of
9  reasonable attorneys' fees and costs pursuant to California Labor Code §218.5
10  and any other applicable legal authority.

11
12                      **THIRD CAUSE OF ACTION**
13               **Breach of Contract Regarding Stock Options**
14       **By Defendants Theragenics Corporation and Does 5 through 50**
15       As a third, separate and distinct cause of action, plaintiff Tim Duvall
16  complains against defendants and Theragenics Corporation and Does 5 through
17  50, and each of them, and for a cause of action alleges:

18       37.  Plaintiff hereby incorporates by reference Paragraphs 1 through 19,
19  inclusive, as though set forth here in full.

20       38.  Plaintiff Tim Duvall entered into a written employment contract with
21  defendant Galt Medical Corp. and Does 1 through 9 in about February 2002.
22  Among other things, that written employment contract provided as follows:

23
24       "3.    You will be granted an option to purchase 100,000 shares of
                common stock of Galt Medical.  These options are tied to your
25              employment and will vest in equal increments as follows:

26              a)    25,000 shares available immediately at an exercise price of
                      $1.00 per share
27              b)    25,000 shares at 2/15/03 for $1.50 per share
                c)    25,000 shares at 2/15/04 for $1.75 per share
28              d)    25,000 shares at 2/15/05 for $2.00 per share

                                    - 8 -
                                   Complaint

1   "4.    In the event the Company were to be sold before the three year
          period, all shares would vest immediately. A formal option plan is in
2          the making and will be forwarded to you upon completion."

3       39. Plaintiff Tim Duvall undertook and continued employment with

4   defendant Galt Medical Corp. and duly performed all of the conditions of the

5   employment agreement to be performed by him through the time his

6   employment ended in about early April 2005.

7       40. Pursuant to his written employment agreement with defendant Galt

8   Medical Corp., by February 15, 2005 plaintiff Tim Duvall was 100% vested in,

9   and thereby owned, stock options for 100,000 shares of defendant Galt Medical

10  Corp.'s stock.

11      41. Effective on about August 2, 2006, defendants Galt Medical Corp. and

12  Jim Eddings and Does 5 through 50 entered into a written agreement purporting

13  to sell 100% of the stock and 100% of the stock derivatives, including stock

14  options, of Galt Medical Corp. to defendant Theragenics Corporation for

15  $34,000,000.

16      42. This written agreement to sell all of the stock and stock derivatives of

17  defendant Galt Medical Corp. to defendant Theragenics Corporation provided in

18  part that all owners of Galt Medical Corp. stock derivatives, including stock

19  options, would be paid at the closing of the sale the portion of the $34,000,000

20  purchase price "allocable to the number of Company shares subject to the

21  option," subtracting "the aggregate applicable exercise price" and "reduced by

22  any required tax withholding." Plaintiff Tim Duvall was an intended third party

23  beneficiary of this agreement.

24      43. On or about August 2, 2006 and continuing thereafter, defendants

25  Theragenics Corporation and Does 5 through 50 breached their agreement to

26  pay plaintiff Tim Duvall for Mr. Duvall's stock options the portion of the

27  $34,000,000 purchase price "allocable to the number of Company shares subject

28  ///

1   to the option," subtracting "the aggregate applicable exercise price" and

2   "reduced by any required tax withholding."

3      44. As a legal result of the breach of contract by defendants Theragenics

4   Corporation and Does 5 through 50, plaintiff Tim Duvall has suffered the loss of

5   the value of his stock options. Plaintiff will seek leave to amend this complaint

6   to state the amount, or will proceed according to proof at trial.

7      45. Plaintiff seeks an order requiring an accounting of defendants' books

8   and records to determine the precise amounts owed him.

9      46. Plaintiff is also entitled to, and hereby requests, an award of interest

10   pursuant to California §218.6 and any other applicable legal authority.

11      47. Plaintiff is also entitled to, and hereby requests, an award of

12   reasonable attorneys' fees and costs pursuant to California Labor Code §218.5

13   and any other applicable legal authority.

14

15                  **FOURTH CAUSE OF ACTION**

16      **Breach of the Covenant of Good Faith and Fair Dealing**

17     **By Defendants Theragenics Corporation and Does 5 through 50**

18      As a fourth, separate and distinct cause of action, plaintiff Tim Duvall

19   complains against defendants Galt Medical Corp. and Theragenics Corporation

20   and Does 5 through 50, and each of them, and for a cause of action alleges:

21      48. Plaintiff hereby incorporates by reference Paragraphs 1 through 19

22   and 38 through 47, inclusive, as though set forth here in full.

23      49. Defendants Theragenics Corporation and Does 5 through 50, and each

24   of them, had the legal duty to act fairly and in good faith towards plaintiff in

25   connection with the written agreement to sell all of the stock and stock

26   derivatives of defendant Galt Medical Corp. to defendant Theragenics

27   Corporation. These defendants covenanted to give full cooperation to plaintiff in

28   connection with that agreement, to treat plaintiff fairly and in good faith, to treat

1   plaintiff the same way as other similarly situated individuals, and to refrain from

2   any act which would impede any of the conditions of the agreement from being

3   performed, which would deny the agreement, or which would prevent plaintiff

4   from receiving the benefits of the agreement.

5       50.  On about August 2, 2006, defendants Theragenics Corporation and

6   Does 5 through 50 breached the covenant of good faith and fair dealing by

7   failing to pay plaintiff Tim Duvall for Mr. Duvall's stock options the portion of the

8   $34,000,000 purchase price "allocable to the number of Company shares subject

9   to the option," subtracting "the aggregate applicable exercise price" and

10   "reduced by any required tax withholding."

11       51.  As a legal result of the breach of the covenant of good faith and fair

12   dealing by defendants Theragenics Corporation and Does 5 through 50, plaintiff

13   Tim Duvall has suffered the loss of the value of his stock options.  Plaintiff will

14   seek leave to amend this complaint to state the amount, or will proceed

15   according to proof at trial.

16       52.  Plaintiff seeks an order requiring an accounting of defendants' books

17   and records to determine the precise amounts owed him.

18       53.  Plaintiff is also entitled to, and hereby requests, an award of interest

19   pursuant to California §218.6 and any other applicable legal authority.

20       54.  Plaintiff is also entitled to, and hereby requests, an award of

21   reasonable attorneys' fees and costs pursuant to California Labor Code §218.5

22   and any other applicable legal authority.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**FIFTH CAUSE OF ACTION**

2

**Violation of California Labor Code Sections 206, 216, 227 and 2927**

3

**By Defendants Galt Medical Corp. and Does 1 through 4**

4     As a fifth, separate and distinct cause of action, plaintiff Tim Duvall

5    complains against defendants Galt Medical Corp. and Does 1 through 4, and each

6    of them, and for a cause of action alleges:

7         55.  Plaintiff hereby incorporates by reference Paragraphs 1 through 54,

8    inclusive, as though set forth here in full.

9         56.  The stock options for 100,000 shares of stock of Galt Medical Corp. in

10    which plaintiff was 100% vested, and which plaintiff therefore owned, were

11    wages plaintiff had earned in connection with his employment with defendants

12    Galt Medical Corp. and Does 1 through 4.

13         57.  Defendants Galt Medical Corp. and Does 1 through 4, and each of

14    them, failed to pay and are continuing to fail to pay plaintiff Tim Duvall part of

15    the wages he had earned: namely, his stock options for 100,000 shares of stock,

16    even though they conceded that these wages were due.  This violated and is

17    continuing to violate California Labor Code §206(a).

18         58.  Defendants Galt Medical Corp. and Does 1 through 4, and each of

19    them, had and continue to have the ability to pay plaintiff Tim Duvall all of the

20    wages he had earned, including his stock options for 100,000 shares of stock.

21    Defendants Galt Medical Corp. and Does 1 through 4, and each of them, willfully

22    refused and despite the filing and service of this Complaint are continuing to

23    refuse to pay plaintiff Tim Duvall part of the wages he had earned: namely, his

24    stock options for 100,000 shares of stock.  This violated and is continuing to

25    violate California Labor Code §216(a).

26         59. Plaintiff is informed and believes that defendants Galt Medical Corp.

27    and Does 1 through 4, and each of them, denied and are continuing to falsely

28    deny the amount or validity of wages owed to plaintiff Tim Duvall, even after the

1   filing and service of this complaint, with the intent to annoy, harass, oppress,
2   hinder, delay and/or defraud Mr. Duvall. This violated and is continuing to
3   violate California Labor Code §216(b).

4        60.   Defendants Galt Medical Corp. and Does 1 through 4 agreed with
5   plaintiff Tim Duvall to make payments of stock options for 100,000 shares of
6   stock to a stock option plan for the benefit of Mr. Duvall. Defendants Galt
7   Medical Corp. and Does 1 through 4 willfully and/or with intent to defraud failed
8   to make, and are continuing to fail to make, the payments required by the terms
9   of their agreement with Mr. Duvall. This violated and is continuing to violate
10  California Labor Code §227.

11       61.   Defendants Galt Medical Corp. and Does 1 through 4 failed to pay,
12  and are continuing to fail to pay, plaintiff Tim Duvall some of the compensation
13  he earned before he resigned from his employment, which had no specified term,
14  namely his stock options for 100,000 shares of stock. This violated and is
15  continuing to violate California Labor Code §2927.

16       62.  As a legal result of the violations by defendants Galt Medical Corp.
17  and Does 1 through 4, and each of them, of California Labor Code §§206, 216,
18  227 and 2927, and each of them, plaintiff Tim Duvall has suffered the loss of the
19  value of his stock options. Plaintiff will seek leave to amend this complaint to
20  state the amount, or will proceed according to proof at trial.

21       63.  Plaintiff seeks an order requiring an accounting of defendants' books
22  and records to determine the precise amounts owed him.

23       64.  As a legal result of the violations by defendants Galt Medical Corp.
24  and Does 1 through 4, and each of them, of California Labor Code §§206, 216,
25  227 and 2927, and each of them, plaintiff Tim Duvall has suffered and is
26  continuing to suffer from substantial emotional distress, including mortification,
27  and hurt feelings, anger, outrage, disappointment and worry. Plaintiff will seek
28  ///

1  leave to amend this complaint to state the amount or will proceed according to
2  proof at trial.

3      65.  Plaintiff is also entitled to, and hereby requests, an award of interest
4  pursuant to California §218.6 and any other applicable legal authority.

5      66.  Plaintiff is also entitled to, and hereby requests, an award of
6  reasonable attorneys' fees and costs pursuant to California Labor Code §218.5
7  and any other applicable legal authority.

8      67.  Defendants Galt Medical Corp. and Does 1 through 4, and each of
9  them, acted oppressively, fraudulently, and maliciously, in willful and conscious
10  disregard of the rights of plaintiff Tim Duvall, and with the intention of causing or
11  in reckless disregard of the probability of causing injury and emotional distress
12  to Mr. Duvall.

13      68.  These defendants were informed of the oppressive, fraudulent and
14  malicious conduct of their employees, agents and subordinates, and ratified,
15  approved, and authorized that conduct.

16      69.  The foregoing conduct of these defendants, and each of them, was
17  intentional, willful and malicious and plaintiffs, and each of them, are entitled to
18  punitive damages in an amount to conform to proof.

19

20                  **SIXTH CAUSE OF ACTION**

21          **Violation of California Labor Code Section 216**

22      **By Defendants Theragenics Corporation and Does 5 through 50**

23      As a sixth, separate and distinct cause of action, plaintiff Tim Duvall
24  complains against defendants Theragenics Corporation and Does 5 through 50,
25  and each of them, and for a cause of action alleges:

26      70.  Plaintiff hereby incorporates by reference Paragraphs 1 through 54,
27  inclusive, as though set forth here in full.

28  ///

1    71.  The stock options for 100,000 shares of stock of Galt Medical Corp. in
2   which plaintiff was 100% vested, and which plaintiff therefore owned, were
3   wages plaintiff had earned in connection with his employment with defendants
4   Galt Medical Corp. and Does 1 through 4.

5    72.   On or about August 2, 2006, the stock options for 100,000 shares of
6   stock of Galt Medical Corp. were transferred to defendants Theragenics
7   Corporation and Does 5 through 50.  Plaintiff is informed and believes that
8   Theragenics Corporation and Does 5 through 50, and each of them, had and
9   continue to have the ability to pay plaintiff Tim Duvall all of the wages he had
10  earned, including his stock options for 100,000 shares of stock.  Theragenics
11  Corporation and Does 5 through 50, and each of them, willfully refused and
12  despite the filing and service of this Complaint are continuing to refuse to pay
13  plaintiff Tim Duvall part of the wages he had earned: namely, his stock options
14  for 100,000 shares of stock.  This violated and is violating California Labor Code
15  §216(a).

16   73.  Plaintiff is informed and believes that defendants Theragenics
17  Corporation and Does 5 through 50, and each of them, denied and are
18  continuing to falsely deny the amount or validity of wages owed to plaintiff Tim
19  Duvall, even after the filing and service of this complaint, with the intent to
20  annoy, harass, oppress, hinder, delay and/or defraud Mr. Duvall.  This violated
21  and is continuing to violate California Labor Code §216(b).

22   74. As a legal result of the violations by defendants Theragenics
23  Corporation and Does 5 through 50, and each of them, of California Labor Code
24  216, plaintiff Tim Duvall has suffered the loss of the value of his stock options.
25  Plaintiff will seek leave to amend this complaint to state the amount, or will
26  proceed according to proof at trial.

27   75. Plaintiff seeks an order requiring an accounting of defendants' books
28  and records to determine the precise amounts owed him.

1    76. As a legal result of the violations by defendants Theragenics
2  Corporation and Does 5 through 50, and each of them, of California Labor Code
3  §216, plaintiff Tim Duvall has suffered and is continuing to suffer from
4  substantial emotional distress, including mortification, and hurt feelings, anger,
5  outrage, disappointment and worry.  Plaintiff will seek leave to amend this
6  complaint to state the amount or will proceed according to proof at trial.

7    77. Plaintiff is also entitled to, and hereby requests, an award of interest
8  pursuant to California §218.6 and any other applicable legal authority.

9    78. Plaintiff is also entitled to, and hereby requests, an award of
10  reasonable attorneys' fees and costs pursuant to California Labor Code §218.5
11  and any other applicable legal authority.

12    79. Defendants Theragenics Corporation and Does 5 through 50, and each
13  of them, acted oppressively, fraudulently, and maliciously, in willful and
14  conscious disregard of the rights of plaintiff Tim Duvall, and with the intention of
15  causing or in reckless disregard of the probability of causing injury and
16  emotional distress to Mr. Duvall.

17    80. These defendants were informed of the oppressive, fraudulent and
18  malicious conduct of their employees, agents and subordinates, and ratified,
19  approved, and authorized that conduct.

20    81. The foregoing conduct of these defendants, and each of them, was
21  intentional, willful and malicious and plaintiffs, and each of them, are entitled to
22  punitive damages in an amount to conform to proof.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

- 16 -
Complaint

1           **SEVENTH CAUSE OF ACTION**

2                **Promissory Fraud**

3      **By Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4**

4        As a seventh, separate and distinct cause of action, plaintiff Tim Duvall

5   complains against defendants Galt Medical Corp., Jim Eddings, and Does 3 and

6   4, and each of them, and for a cause of action alleges:

7        82.  Plaintiff hereby incorporates by reference Paragraphs 1 through 81,

8   inclusive, as though set forth here in full.

9        83.  In about February 2002, defendant Jim Edding and, through him, Galt

10  Medical Corp. and Does 3 and 4, promised the following to plaintiff Tim Duvall in

11  a written employment contract:

12      "3.    You will be granted an option to purchase 100,000 shares of
13             common stock of Galt Medical.  These options are tied to your
               employment and will vest in equal increments as follows:
14
               a)    25,000 shares available immediately at an exercise price of
15                   $1.00 per share
               b)    25,000 shares at 2/15/03 for $1.50 per share
16             c)    25,000 shares at 2/15/04 for $1.75 per share
               d)    25,000 shares at 2/15/05 for $2.00 per share
17
        "4.    In the event the Company were to be sold before the three year
18             period, all shares would vest immediately. A formal option plan is in
               the making and will be forwarded to you upon completion."
19

20  Defendant Jim Eddings, and, through him, Galt Medical Corp. and Does 3 and 4,

21  also made this same promise to plaintiff Tim Duvall verbally on the telephone in

22  about February 2002.

23        84.  This promise was important to the transaction in that plaintiff Tim

24  Duvall would not have accepted employment with defendant Galt Medical Corp.

25  but for this promise or some other promise of at least equivalent value.  Both

26  plaintiff Tim Duvall and defendant Tim Duvall and, through him, Galt Medical

27  Corp. and Does 3 and 4, acknowledged to one another that Mr. Duvall's

28  compensation would be insufficient but for this promise.

1   85.  Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and
2   each of them, did not intend to perform this promise when they made it.

3   86.  Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and
4   each of them, intended that plaintiff Tim Duvall rely on this promise by, among
5   other things, working and continuing to work as Vice President of Marketing of
6   defendant Galt Medical Corp.

7   87.  Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and
8   each of them, intended that plaintiff Tim Duvall rely on this promise by, among
9   other things, not requiring as a condition of employment or continued
10  employment that he be paid more compensation, other than stock options, than
11  Mr. Duvall agreed to be and was paid.

12  88.  Plaintiff Tim Duvall reasonably relied upon the promise by defendants
13  Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, by, among
14  other things:

15      (a)   accepting and continuing employment as Vice President of Marketing
16            of defendant Galt Medical Corp.,

17      (b)   not requiring as a condition of employment or continued
18            employment that he be paid more compensation, other than stock
19            options, than Mr. Duvall agreed to be and was paid; and

20      (c)   refraining from accepting employment elsewhere other than at
21            defendant Galt Medical Corp. during the period during which Mr.
22            Duvall was employed there.

23  89.  Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and
24  each of them, did not perform their promise.

25  90.  Plaintiff Tim Duvall was harmed by the promise without intent to
26  perform made by defendant Jim Eddings and, through him, defendants Galt
27  Medical Corp. and Does 3 and 4.

28  ///

- 18 -
Complaint

1   91.  Plaintiff Tim Duvall's reliance on the promise by defendants Galt
2   Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, was a
3   substantial factor in causing harm to plaintiff Tim Duvall.

4   92.  But for plaintiff Tim Duvall's reliance on the promise by defendants
5   Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, plaintiff
6   would not have accepted employment with Galt Medical Corp. for the
7   compensation other than stock options promised him and he would have instead:

8       (a)   required as a condition of employment or continued employment
9             that he be paid more compensation, other than stock options, than
10            Mr. Duvall agreed to be and was paid; or

11      (b)   obtained and accepted employment or other work elsewhere that
12            would have paid Mr. Duvall substantially more compensation than he
13            ended up being paid for his employment with defendant Galt Medical
14            Corp.

15  93.  Despite exercising reasonable care and diligence, plaintiff Tim Duvall
16  did not learn of the falsity of defendants' promise until after August 2, 2006.

17  94.  As a legal result of the promissory fraud against him by defendants
18  Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, plaintiff
19  Tim Duvall suffered a loss of compensation from employment.  That loss of
20  compensation is:

21      (a)   the amount of additional compensation that Mr. Duvall would have
22            required he be paid as a condition of employment or continued
23            employment had he not been promised the stock options, or

24      (b)   the additional compensation that Mr. Duvall would have received if
25            he had obtained and accepted employment somewhere other than at
26            Galt Medical Corp. compared to the compensation that Mr. Duvall
27            ended up being paid for his employment with defendant Galt Medical
28            Corp, or

1    (c)    the fair market value of what plaintiff Tim Duvall gave in working for
2            defendant Galt Medical Corporation less what he actually received.

3        95.  As a legal result of the promissory fraud by defendants Galt Medical
4    Corp. and Does 1 through 4, and each of them, plaintiff Tim Duvall has suffered
5    and is continuing to suffer from substantial emotional distress, including
6    mortification, and hurt feelings, anger, outrage, disappointment and worry.
7    Plaintiff will seek leave to amend this complaint to state the amount or will
8    proceed according to proof at trial.

9        96.  Defendants Galt Medical Corp. and Does 1 through 4, and each of
10   them, acted oppressively, fraudulently, and maliciously, in willful and conscious
11   disregard of the rights of plaintiff Tim Duvall, and with the intention of causing or
12   in reckless disregard of the probability of causing injury and emotional distress
13   to Mr. Duvall.

14       97.  These defendants were informed of the oppressive, fraudulent and
15   malicious conduct of their employees, agents and subordinates, and ratified,
16   approved, and authorized that conduct.

17       98.  The foregoing conduct of these defendants, and each of them, was
18   intentional, willful and malicious and plaintiffs, and each of them, are entitled to
19   punitive damages in an amount to conform to proof.

20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

**EIGHTH CAUSE OF ACTION**

**Conversion**

**By Defendants Galt Medical Corp., Theragenics Corporation,**
**Jim Eddings, and Does 3, 4 and 20 through 50**

As an eighth, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp., Jim Eddings, and Does 3, 4, and 20 through 50, and each of them, and for a cause of action alleges:

99. Plaintiff hereby incorporates by reference Paragraphs 1 through 97, inclusive, as though set forth here in full.

100. Plaintiff Tim Duvall owned and had a right to possess stock options for 100,000 shares of stock of Galt Medical Corp.

101. Defendants Galt Medical Corp., Jim Eddings, and Does 3, 4, and 20 through 50, and each of them, intentionally took possession of the stock options for 100,000 shares of stock of Galt Medical Corp. that plaintiff Tim Duvall owned and had a right to possess, and have prevented plaintiff Tim Duvall from having access to those stock options for a significant period of time.

102. Plaintiff Tim Duvall did not consent to defendants Galt Medical Corp., Jim Eddings, and Does 3, 4, and 20 through 50, or any of them, taking possession of his stock options for 100,000 shares of stock of Galt Medical Corp. or to preventing him from having access to those stock options.

103. As a legal result of this conduct by defendants Galt Medical Corp., Jim Eddings, and Does 3, 4, and 20 through 50, and each of them, plaintiff Tim Duvall has suffered the loss of the value of his stock options. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

104. As a legal result of this conduct by defendants Galt Medical Corp., Jim Eddings, and Does 3, 4, and 20 through 50, and each of them, plaintiff Tim Duvall has spent and will continue to have to spend time and money to recover

1  his stock options.  Plaintiff will seek leave to amend this complaint to state the
2  amount or will proceed according to proof at trial.

3      105.  As a legal result of the promissory fraud by defendants Galt Medical
4  Corp., Jim Eddings, and Does 3, 4, and 20 through 50, and each of them,
5  plaintiff Tim Duvall has suffered and is continuing to suffer from substantial
6  emotional distress, including mortification, and hurt feelings, anger, outrage,
7  disappointment and worry.  Plaintiff will seek leave to amend this complaint to
8  state the amount or will proceed according to proof at trial.

9      106.  Defendants Galt Medical Corp., Jim Eddings, and Does 3, 4, and 20
10 through 50, and each of them, acted oppressively, fraudulently, and maliciously,
11 in willful and conscious disregard of the rights of plaintiff Tim Duvall, and with
12 the intention of causing or in reckless disregard of the probability of causing
13 injury and emotional distress to Mr. Duvall.

14     107.  These defendants were informed of the oppressive, fraudulent and
15 malicious conduct of their employees, agents and subordinates, and ratified,
16 approved, and authorized that conduct.

17     108.  The foregoing conduct of these defendants, and each of them, was
18 intentional, willful and malicious and plaintiffs, and each of them, are entitled to
19 punitive damages in an amount to conform to proof.

20
21                              **PRAYER**

22     Wherefore plaintiff Tim Duvall prays for judgment against defendants, and
23 each of them, as follows:

24     1.  For a money judgment representing compensatory damages for the
25 value of plaintiff's stock options,  together with interest on this amount,
26 according to proof;

27     2.  For an order requiring an accounting of defendants' books and records
28 to determine the precise amount owed to plaintiff for his stock options;

1      3. For interest on the value of the stock options owed to plaintiff,

2 according to proof or pursuant to Labor Code §218.6 or any other appropriate

3 legal authority;

4      4. For the amount of additional compensation that Mr. Duvall would have

5 required he be paid as a condition of employment or continued employment had

6 he not been promised the stock options;

7      5. For the additional compensation that Mr. Duvall would have received if

8 he had obtained and accepted employment somewhere other than at Galt

9 Medical Corp. compared to the compensation that Mr. Duvall ended up being

10 paid for his employment with defendant Galt Medical Corp;

11     6. For the fair market value of what plaintiff Tim Duvall gave in working

12 for defendant Galt Medical Corporation less what he actually received;

13     7. Reasonable compensation for the time and money spent by plaintiff in

14 attempting to recover his stock options.

15     8. For a money judgment for mental pain and anguish and emotional

16 distress, according to proof;

17     9. For an award of punitive damages, according to proof;

18     10. For prejudgment and post-judgment interest;

19     11. For attorney fees pursuant to Labor Code §218.5, and any other

20 appropriate legal authority;

21     12. For costs of suit; and

22     13. For any other relief that is just and proper.

23 Dated:  June 11, 2007         LAW OFFICES OF PHIL HOROWITZ

24

25                by

26                   Phil Horowitz
                     Attorneys for Plaintiff
                     Tim Duvall

27

28

1    **JURY TRIAL DEMANDED**

2    Plaintiff demands trial by jury of all issues, except for attorneys' fees and

3    costs.

4    Dated:  June 11, 2007                     LAW OFFICES OF PHIL HOROWITZ

5

6                                      by  _____

7                                          Phil Horowitz
                                           Attorneys for Plaintiff
8                                          Tim Duvall

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

6-19-07

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Galt Medical Corp., Theragenics Corporation, Jim Eddings, and
Does 1 through 99, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Tim Duvall

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* C-07-464119 |
|---|---|

400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Phil Horowitz, Law Offices of Phil Horowitz, One Market Plaza, Steuart Tower, Suite 2630,
San Francisco, CA 94105, (415) 391-0111

| DATE: JUN 11 2007 *Gordon Park-L* | Clerk, by Deborah Steppe | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Galt Medical Corp.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**EXHIBIT C**

CASE NUMBER: CGC-07-464119  TIM DUVALL VS. GAL;T MEDICAL CORP. et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|          |                          |
|----------|--------------------------|
| **DATE:**  | **NOV-09-2007**          |
| **TIME:**  | **9:00AM**               |
| **PLACE:** | **Department 212**       |
|          | **400 McAllister Street** |
|          | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges