1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   D. RONALD RYLAND, Cal. Bar No. 49749
3  CRAIG A. PINEDO, CAL. Bar No. 191337
   Four Embarcadero Center, 17th Floor
4  San Francisco, California 94111-4109
   Telephone:   415-434-9100
5  Facsimile:   415-434-3947

6  HALLETT & PERRIN, P.C.
   EDWARD P. PERRIN, JR. (*Pro Hac Vice*)
7  Texas State Bar No. 15796700
   ADRIENNE I. HIRST (*Pro Hac Vice*)
8  Texas State Bar No. 24047561
   2001 Bryan Street, Suite 3900
9  Dallas, Texas 75201
   Telephone:   (214) 953-0053
10 Facsimile:   (214) 922-4141

11 Attorneys for Defendants Galt Medical Corp.,
   Theragenics Corporation, and James R. Eddings
12

13              IN THE UNITED STATES DISTRICT COURT

14             FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 TIM DUVALL,                                          | Case No. 07-3714

17         Plaintiff,                           | **DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS IN PLAINTIFF'S ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

18   v.

19 GALT MEDICAL CORP., THERAGENICS
   CORPORATION, JIM EDDINGS, and DOES
20 1-99, inclusive,                                     | Date:   October 5, 2007
                                                          Time:   9:30 a.m.
21         Defendants.                          Crtrm.:  A, 15th Floor

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 5, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA, 94102, the Honorable Joseph Spero presiding, defendants Galt Medical Corp. ("Galt"), Theragenics Corporation ("Theragenics"), and Jim Eddings ("Eddings") (collectively "Defendants") will and hereby do move to dismiss the Complaint filed by plaintiff Tim Duvall ("Complaint"). Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

This motion is based upon the accompanying Memorandum of Points and Authorities, Defendants' Request for Judicial Notice and all exhibits attached thereto, the Complaint, on file in this matter, and any other materials that may come before the Court related to this matter.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Galt Medical Corp. ("Galt"), Theragenics Corporation ("Theragenics"), and Jim Eddings ("Eddings") (collectively "Defendants") hereby move to dismiss all claims asserted against Theragenics; claims asserted against Galt under California Labor Code Sections 206, 216, and 227; and claims against Galt and Eddings for promissory fraud; and would respectfully show the Court as follows:

### I.

### SUMMARY OF ARGUMENT

Plaintiff Tim Duvall ("Plaintiff") has improperly asserted claims against Theragenics for alleged breach of contract, breach of the covenant of good faith and fair dealing, and conversion.[1] Specifically, Theragenics was not a party to any contract with Plaintiff, and Theragenics did not employ Plaintiff. Theragenics only purchased certain specifically identified and scheduled common stock and stock derivatives of Galt. The contract for the purchase of such common stock and stock derivatives *did not* include any stock or stock options claimed by Plaintiff, and further, specifically disclaimed the existence or rights of any third-party beneficiaries. As such, there are no grounds upon which Plaintiff can assert viable claims against Theragenics.

Additionally, Plaintiff asserted claims against Theragenics for alleged violation of California Labor Code Section 216,[2] and against Galt for alleged violations of California Labor Code Sections 206, 216, and 227.[3] Plaintiff's claims under Sections 206 and 216 are based on the premise that the "stock options for 100,000 shares of stock…were wages [P]laintiff had earned in connection with his employment with [D]efendants."[4] However, for the purposes of the California Labor Code, stock options are not "wages." As such, Plaintiff again fails to state a claim upon

---

[1] Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, and conversion against Theragenics and Does 5-50 are set forth, respectively, in the Third, Fourth, and Eighth Causes of Action of the Complaint.

[2] Such claim is set forth in the Sixth Cause of Action of the Complaint.

[3] Such claims, together with a claim against Galt under California Labor Code Section 2927, are set forth in the Fifth Cause of Action of the Complaint.

[4] Complaint ¶¶ 56, 71. Plaintiff is not alleged to have been an employee of Theragenics at any time.

which relief can be granted against any Defendant under Sections 206 or 216. Further, it is clear that Plaintiff also fails to state a claim under Section 227 because he does not and cannot complain that Galt failed to make a payment to a "welfare fund" or "pension fund," admits no "plan" existed, and seeks recovery direct to, and only for, himself. Therefore, Section 227 is inapplicable.

Finally, Plaintiff fails to meet the heightened pleading requirements as to his claims for promissory fraud against Eddings and Galt.[5] Specifically, Plaintiff fails to identify the circumstances indicating falseness and the way in which the alleged promise was false or fraudulent, rendering such allegations (or lack thereof) fatally deficient.

## II.

## ARGUMENT AND AUTHORITIES

### A.  Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the Court may take judicial notice. *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, the Court must accept all material factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party, but is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

Plaintiff has failed to state actionable claims against Theragenics. Specifically, Plaintiff was not a party to the complained of contract between Theragenics and Galt shareholders, which contract specifically disclaimed the existence of third-party beneficiaries. Further, Theragenics

---

[5] Such claims are set forth in the Seventh Cause of Action of the Complaint.

purchased only certain expressly identified, enumerated, and scheduled shares of common stock and stock derivatives of Galt, which did not include Plaintiff's alleged stock option.

### B.   Plaintiff Fails to State Actionable Claims Against Theragenics

Plaintiff has failed to state any actionable claim against Theragenics. Specifically, Plaintiff was not a party to the complained of contract between Theragenics and Galt shareholders. Further, Theragenics purchased only certain expressly identified, enumerated, and scheduled shares of common stock and stock derivatives of Galt, which did not include Plaintiff's alleged stock option. Further, the contract with Theragenics specifically precluded and disclaimed the existence of any third-party beneficiaries with respect to the contract.

#### 1.   Plaintiff Was Not a Party to the Stock Purchase Agreement

Plaintiff's claims for breach of contract and beach of the covenant of good faith and fair dealing are based on a Stock Purchase Agreement dated as of August 2, 2006 ("Agreement"), executed by and among Theragenics, Eddings, and the shareholders of Galt and holders of Galt stock derivatives.[6] The holders of the Galt common stock and stock derivatives that were purchased by Theragenics are only those listed on Schedule 1 of the Agreement. Plaintiff's name is not listed on Schedule 1.[7] Plaintiff is also not listed as a "Seller" in the Agreement or on the signature pages of the Agreement. Clearly, Plaintiff is not a party to the Agreement.

#### 2.   Plaintiff is Not a Third-Party Beneficiary of the Agreement

Plaintiff also is not, and cannot be, a third-party beneficiary of the Agreement. The Agreement unambiguously states, by its explicit intent and express terms, that it does not confer any rights or remedies upon third parties, providing: "nothing in this Agreement, expressed or implied, is intended or shall be construed to confer on any person other than the parties hereto or

---

[6]   *See* Stock Purchase Agreement, a true and correct copy of which is attached as Exhibit "A" to Defendants' Request for Judicial Notice, filed contemporaneously herewith  Because Plaintiff refers to and relies upon the Agreement, the Court can consider this Agreement for the purposes of this Motion under the "incorporation by reference" doctrine. *See, e.g., Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). Plaintiff repeatedly refers to and relies upon this Agreement throughout his Complaint. *See, e.g.,* Complaint ¶¶ 15, 16, 17, 24, 32, 41 ,42, 43, 49, 50, and 72.

[7]   *See* Schedule 1 of the Agreement.

1 their respective successors and permitted assigns any rights or remedies under or by reason of this

2 Agreement."[8]  Plaintiff is neither a party to the Agreement, nor does he allege to be in the

3 Complaint.  Plaintiff is not, and has not alleged to be, a successor or permitted assign of any of the

4 parties to the Agreement.  As such, Plaintiff does not have standing to bring either his claims for

5 breach of contract or for breach of the covenant of good faith and fair dealing.[9]

6       3. <u>Theragenics Did Not Purchase or Convert Plaintiff's Stock Options</u>

7 Additionally, even if Plaintiff did have standing to bring such claims, Plaintiff's claim that

8 Theragenics "breached [its] agreement to pay [P]laintiff Tim Duvall for Mr. Duvall's stock

9 options," still does not survive dismissal because Theragenics had no obligation to purchase

10 Plaintiff's alleged options under the terms of the Agreement.  The Agreement required

11 Theragenics to purchase only those shares of Galt common stock and Company Stock Derivatives

12 (as defined in the Agreement) listed on Schedule 1 of the Agreement.  Theragenics purchased only

13 the Galt common stock and Company Stock Derivatives set forth in Schedule 1.  Even if one

14 assumes for the purpose of Rule 12(b)(6) that Plaintiff had the stock options and the options were

15 viable at the time of the sale transaction, as alleged, the stock options were encompassed by the

16 definition of Company Stock Derivatives;[10] yet neither the stock options, nor any other interest

17 purported to belong to Plaintiff appear on Schedule 1 of the Agreement.  Therefore, Theragenics

---

[8] *See* Section 8.04 of the Agreement under the heading "Assignment; Binding Effect; No Third Party Beneficiary."

[9] Galt understands Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing against Galt and Does 1 through 4, as set forth in the First and Second Causes of Action of the Complaint, to be based upon Plaintiff's alleged February 2002 employment agreement with Galt.  However, to the extent Plaintiff's First and/or Second Causes of Action are purportedly based on the August 2, 2006 Agreement, Plaintiff similarly lacks standing and has failed to properly state any such causes of action against Galt (and Does 1 through 4) as well with respect to such Agreement.

[10] Under the Agreement, "Company Stock Derivatives" included "all equity interests in the Company other than Company Shares, all rights to receive equity interests in the Company, . . . all promises to issue any of the foregoing, whether written or unwritten, including without limitation, phantom stock, **options**, warrants, other derivatives and promises to issue any of the foregoing." *See* Agreement, Section 1.01(a)

did not agree to, nor did it, purchase any stock options claimed by Plaintiff.  As such, Plaintiff has failed to state a claim for breach of contract as to Theragenics.

To state a claim for conversion, Plaintiff must allege:  (1) plaintiff's ownership of, or right to possess, property at the time of the conversion; (2) defendant's conversion by a wrongful act; and (3) damages.  *Hartford Financial Corp. v. Burns* (1979) 96 Cal.App.3d 591, 598.  Plaintiff has not and cannot state a claim for conversion, however, because, as evidenced by the Agreement, Theragenics only purchased and could only be in possession of, those Company Stock Derivatives identified in Schedule 1.  Because Theragenics could not obtain or otherwise convert Plaintiff's stock options pursuant to the express terms of the Agreement, Plaintiff has not stated an actionable claim for conversion as to Theragenics.[11]

### C. Plaintiff Fails to State a Claim Under California Labor Code Sections 206, 216 and 227

#### 1. Plaintiff's Claims Under California Labor Code Sections 206 and 216 Must Be Dismissed Because Stock Options Are Not "Wages."

Plaintiff's claims against Theragenics for violation of Section 216, and against Galt for violations of Sections 206 and 216, of the California Labor Code must also be dismissed because Plaintiff has not alleged, and indeed, cannot allege, facts in support of those claims that would entitle him to relief.  Plaintiff claims that the "stock options for 100,000 shares of stock of Galt Medical Corp. in which [P]laintiff was 100% vested, and which [P]laintiff therefore owned, were *wages* [P]laintiff had earned in connection with his employment with [D]efendants Galt Medical Corp. and Does 1 through 4."[12]

Section 200 of the California Labor Code defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  This definition,

---

[11]  Plaintiff lists Theragenics as one of the Defendants who converted Plaintiff's options, yet alleges no facts to support a conversion claim as to Theragenics.  *See* Eighth Cause of Action of Complaint.

[12]  Complaint ¶¶ 56, 71 (emphasis added).

although very broad, does not include stock options. *International Business Machines Corp. v. Bajorek*, 191 F.3d 1033, 1039 (9th Cir. 1999) ("stock options are not 'wages.'"). The Ninth Circuit has made it very clear why stock options are not "wages," stating:

> "Stock options are not 'amounts.' They are not money at all. They are contractual rights to buy shares of stock. . . . The amount of money for which the shares can be sold on the market varies unpredictably from time to time, so it is not "fixed or ascertainable" by any method of calculation when the agreements are made or exercised."

*Id*. California Labor Code Sections 206 and 216 explicitly apply only to controversies over "wages." Plaintiff's only claim is based on Defendants' alleged failure to pay him for his stock options. As such, and because stock options are not "wages," Plaintiff has failed to state a viable claim under Section 206 or 216, and these claims must be dismissed.

    2.    <u>Plaintiff's Claims Against Galt Under California Labor Code Section 227 Also Must Be Dismissed</u>

Plaintiff also fails to state or allege any viable cause of action under California Labor Code Section 227. That statute provides that an employer may not willfully "or with the intent to defraud" fail to make previously agreed upon "*payments to* a health or welfare fund, pension fund or vacation plan, or any other such plan for the benefit of the employees." Cal. Lab. Code §227 (emphasis added).

First and foremost, by his own allegations, Plaintiff admits that there never was a stock option plan,[13] rendering Section 227 inapplicable. Instead, Plaintiff's Complaint relates to stock options which Plaintiff states were created for him alone by his employment agreement with Galt, not any welfare or pension plan.[14]

---

[13]     *See* Complaint ¶8 ("neither of these [D]efendants nor anyone else ever forwarded a formal stock option plan to Mr. Duvall"); ¶31 (Defendants "fail[ed] to document Mr. Duvall's stock options in a formal option plan.").

[14]     *See* Complaint ¶ 23 ("Pursuant to his written employment agreement with [D]efendant Galt Medical Corp., by February 15, 2005 plaintiff Tim Duvall was 100% vested in, and thereby owned, stock options for 100,000 shares of defendant Galt Medical Corp.'s stock."). Moreover, even if Plaintiff had alleged a formal stock option plan actually existed, such plans are typically not considered welfare or pension plans. S*ee, e.g.*, 29 U.S.C. § 1002(1); 29 C.F.R. § 2510.3-1; 29 U.S.C. § 1102(2); 29 C.F.R. § 2531.3-2; U.S. Department of Labor ERISA Advisory Opinions Nos. 79-50(A))("…it is the Department's

1 Section 227 is further rendered inapplicable by the fact that, unlike a pension or retirement plan, a stock option separately granted to an individual does not require an employer to make payments to the stock option plan or otherwise. The issue presented by Plaintiff's Complaint is not whether Galt paid the shares *into* a stock option plan for Plaintiff; the allegation made is that Galt improperly refused to issue or deliver the stock or the proceeds thereof directly to Plaintiff. The recovery sought is not for or on behalf of any "plan" for the benefit of employees of Galt, but instead for recovery by Plaintiff individually and directly.

Based on its plain language, for an action to lie under Section 227, the least that must be alleged is that there was a failure to make a required payment to a health, welfare, or pension fund, or vacation or other plan for the benefit of the employees Galt. No such allegation is made. To the contrary, Plaintiff specifically alleges that no plan existed, and Plaintiff seeks recovery for himself only, not any "plan" benefiting all of Galt's employees. As such, Plaintiff has failed to state a claim under California Labor Code Section 227, and those claims must be dismissed.

### D. Plaintiff's Promissory Fraud Claims Fail to Meet the Heightened Pleading Standard of FRCP 9(b)

Promissory fraud is a subspecies of an action for fraud based on a false promise made without the intent to perform. *Lazar v. Superior Court*, 909 P.2d 981, 984-985 (1996); *see also Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157-158 (an "action based on a false promise is simply a type of intentional misrepresentation, i.e., actual fraud"). As such, a claim for promissory fraud must meet the heightened pleading requirements applied to all claims of fraud. Because Plaintiff's claims for promissory fraud fail to meet these heightened pleading requirements, they must be dismissed.

Accusations of fraud must be "stated with particularity" under Federal Rule of Civil Procedure 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular

---

opinion that the [qualified stock option plans] would not be employee pension benefit plans...") and 79-53(A)(same)).

misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted). A complaint meets this standard only if it alleges the time, place and content of the alleged fraudulent representation or omission; the identity of the person engaged in the fraud; and "the circumstances indicating falseness" or "the manner in which [the] representations [or omissions] were false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994). Thus, a plaintiff must provide an explanation as to how an alleged statement or omission was false or misleading when made. *Id.* at 1548.

Consistent with Rule 9(b), the California Supreme Court has explained that a strict pleading requirement for fraud claims is not merely based on the notion of notice to defendant, but also the idea that "allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible detail of the charge in order to prepare his defense." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216.

Plaintiff fails to allege "the circumstances indicating falseness" or "the manner in which [the] representations [or omissions] were false and misleading." *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Plaintiff merely recites the alleged promise (to give Plaintiff options for 100,000 shares of Galt common stock) and includes boilerplate language regarding Galt's and Eddings's intention not to perform. He does not identify why or how the promise was false or fraudulent when it was made. In fact, Plaintiff cannot allege the circumstances indicating falseness or the way in which the promise was false or fraudulent because Plaintiff cannot plead or prove that Galt and Eddings did not perform or intend to perform under the promise. In fact, Galt and Eddings offered Plaintiff options for 100,000 shares, but Plaintiff failed to exercise the options before his right to exercise terminated and the options expired. As such, Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b), and his promissory fraud claims against Galt and Eddings should be dismissed under Rule 12(b)(6).

## III.

## **PRAYER**

Because Plaintiff has failed to state a claim upon which relief can be granted, as discussed above, Defendants Theragenics, Galt, and Eddings pray that the following claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) all claims against Theragenics; (2) Plaintiff's claims against Galt under California Labor Code Sections 206, 216, and 227; and (3) Plaintiff's claims against Galt and Eddings for promissory fraud.

Dated: August 22, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Craig A. Pinedo
CRAIG A. PINEDO

Attorneys for Defendants GALT MEDICAL CORP., THERAGENICS CORPORATION, and JAMES R. EDDINGS

# **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on August 22, 2007 on the counsel of record that are Registered ECF users.

Phil Horowitz
Law Offices of Phil Horowitz
One Market Plaza
Steuart Tower, Suite 2630
San Francisco, CA 94105

*Counsel for Plaintiff*

/s/ Craig A. Pinedo
Craig A. Pinedo