1  Phil Horowitz (State Bar #111624)
   Law Offices of Phil Horowitz
2  One Market Plaza
   Steuart Tower, Suite 2630
3  San Francisco, California 94105
   Telephone:  (415) 391-0111
4  Facsimile:  (415) 391-0123
   E-mail:  phil@creative.net
5
   Attorneys for Plaintiff
6  Tim Duvall

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 TIM DUVALL,                          )   Case No.  C07-03714 JCS
                                        )
12              Plaintiff,              )   JOINT REPORT OF
                                        )   RULE 26(f) CONFERENCE
13         v.                           )
                                        )
14 GALT MEDICAL CORP.,                  )
   THERAGENICS CORPORATION,             )
15 JIM EDDINGS, and                     )
   DOES 1 through 99, inclusive,        )
16                                      )
                Defendants.              )
17 _____ )

18

19     1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 7,

20 2007 by telephone and was attended by:

21     Phil Horowitz of the Law Offices of Phil Horowitz for plaintiff Tim Duvall;

22     Edward P. Perrin of Hallert & Perrin, P.C. for defendants Galt Medical

23 Corp., Theragenics Corporation and Jim Eddings;

24     Adrienne I. Hirst of Hallett & Perrin, P.C. for defendants Galt Medical Corp.,

25 Theragenics Corporation and Jim Eddings; and

26     Craig A. Pinedo of Sheppard, Mullin, Richter & Hampton, LLP for

27 defendants Galt Medical Corp., Theragenics Corporation and Jim Eddings.

28
                                      - 1 -
Joint Report of Rule 26(f) Conference                      Case No.  C07-03714
JCS

1  ///
2      2. <u>Pre-Discovery Disclosures</u>. The parties will exchange by November 21,
3  2007 the information required by Fed.R. Civ. P. 26(a)(1).
4      3. <u>Discovery Plan</u>. The parties jointly propose to the court the
5  following discovery plan:
6      Discovery will be needed on the following subjects:  negotiation of the
7  terms and conditions of plaintiff Tim Duvall's employment with defendant Galt
8  Medical Corp., the written employment agreement between Tim Duvall and
9  defendant Galt Medical Corp. and the performance or non-performance of its
10 terms by the parties, the granting of stock options to Mr. Duvall, the intent of
11 defendants Galt Medical Corp. and Jim Eddings in making purported
12 representations to Mr. Duvall about granting him stock options, any reliance by
13 Mr. Duvall on representations to him about granting him Galt Medical Corp. stock
14 options and the reasonableness of any such reliance, any attempts by Galt
15 Medical Corp. or defendant Jim Eddings to create a formal stock option plan,
16 communications and actions regarding Mr. Duvall's stock options,
17 communications and actions regarding stock options granted to other employees
18 of Galt Medical Corp., the extent to which Galt Medical Corp. had any stock
19 option plan, negotiation of the sale or purported sale of Galt Medical Corp. stock
20 and stock derivatives (including stock options) to Theragenics Corporation, the
21 agreement selling or purporting to sell Galt Medical Corp.'s stock and stock
22 derivatives (including stock options) to Theragenics Corporation and its
23 implementation, whether any of Mr. Duvall's stock options were terminated or
24 expired, whether Mr. Duvall's stock options are enforceable, whether Mr. Duvall
25 was paid his asked-for or market value salary, whether Mr. Duvall was aware of
26 the terms of the stock options and chose not to exercise them, whether Mr.
27 Duvall was an intended third-party beneficiary of the stock purchase agreement,
28

the extent to which any defendant took possession of Mr. Duvall's stock options or prevented Mr. Duvall from possessing them, the value of the stock options in dispute, the fair market value of Mr. Duvall's services as an employee of Galt Medical Corp., emotional distress claimed by Mr. Duvall, the motives of defendants for their actions regarding Mr. Duvall's purported stock options, any conduct of Mr. Duvall inconsistent with or constituting waiver and/or estoppel with regard to his claimed stock options and the purported terms thereof, and such other matters as may be relevant to the issues as framed by the complaint or by any amended complaint or answer that may be filed.

<u>Disclosure or discovery of electronically stored information should be handled as follows</u>: the parties have agreed to preserve electronic information in its original electronic format and will disclose or produce electronic information in its native format or in such other formats as may be appropriate.

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: no such order has been agreed upon.

Plaintiff Tim Duvall proposes that all discovery be commenced in time to be completed by May 30, 2008, which is six months after the November 30, 2007 Case Management Conference in this case. Defendants propose that all discovery be commenced in time to be completed by a date six months from the Court's ruling on defendants' present motion to dismiss, set for hearing on November 30, 2007.

Maximum of 25 interrogatories by each party to any other party.

Maximum of 25 requests for admission by each party to any other party.

Maximum of 10 depositions by plaintiff and l0 depositions by defendants, not including depositions of expert witnesses, unless increased by agreement of

- 3 -

Joint Report of Rule 26(f) Conference                                    Case No. C07-03714 JCS

1  the parties or order of the Court.
2       Each deposition limited to maximum of 7 hours unless extended by
3  agreement of parties or order of the Court.
4       Plaintiff proposes that reports from retained experts under Rule 26(a)(2)
5  be due for all parties by March 30, 2008.  Defendants propose that reports from
6  retained experts under Rule 26(a)(2) be due for plaintiff by March 30, 2008 and
7  for defendants by April 30, 2008.
8       Supplementations under Rule 26(e) due within a reasonable time after the
9  additional information is learned.
10
11      4.  Other Items.
12      The parties request a conference with the court before entry of the
13  scheduling order.
14      The parties request a pretrial conference in 30 days prior to trial.
15      The parties should be allowed to amend the pleadings and join additional
16  parties until 90 days prior to trial.
17      All potentially dispositive motions should be filed by the close of discovery.
18      Settlement cannot be evaluated prior to an exchange of documents and
19  the depositions of key witnesses and may be enhanced by use of the following
20  alternative dispute resolution procedure:
21  private mediation.
22      Final lists of witnesses and exhibits under Rule 26(a)(3) should
23  be due from all parties 30 days before trial.
24      Parties should have 14 days after service of final lists of witnesses
25  and exhibits to list objections under Rule 26(a)(3).
26      Plaintiff believes the case should be ready for trial by July 2008.
27  Defendants believe the case should be ready for trial eight (8) months after the
28

- 4 -

Joint Report of Rule 26(f) Conference                                Case No.  C07-03714
JCS

date the Court rules on defendants' pending Motion to Dismiss.  Plaintiff expects at this time the trial will take approximately 6 days.  Defendants expect at this time the trial will take approximately 3 days.

Dated:  November 16, 2007             LAW OFFICES OF PHIL HOROWITZ

by _____
Phil Horowitz
Attorneys for Plaintiff
Tim Duvall

Dated: November 16, 2007              HALLETT & PERRIN, P.C.

by _____
Adrienne I. Hirst
Attorneys for Defendants
Galt Medical Corp., Theragenics Corporation and Jim Eddings

I, Craig A. Pinedo, attest that Phil Horowitz and Adrienne I. Hirst have concurred in the filing of this document.

/s/
_____

Craig A. Pinedo

- 5 -