Phil Horowitz (State Bar #111624)
Law Offices of Phil Horowitz
One Market Plaza
Steuart Tower, Suite 2630
San Francisco, California 94105
Telephone:  (415) 391-0111
Facsimile:  (415) 391-0123
E-mail:  phil@creative.net

Attorneys for Plaintiff
Tim Duvall

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM DUVALL, | Case No.  C07-03714 JCS |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| v. | |
| GALT MEDICAL CORP., THERAGENICS CORPORATION, JIM EDDINGS, and DOES 1 through 99, inclusive, | DATE: November 30, 2007<br>TIME: 9:30 a.m.<br>DEPT: A (15th Floor) |
| Defendants. | |

1.  Jurisdiction and Service

Defendants removed this case to federal court on the basis of diversity jurisdiction.  The Court has subject matter jurisdiction over this case on that basis.

No issues exist regarding personal jurisdiction or venue.  All parties except DOE defendants have been served.

2.  Facts

Plaintiff Tim Duvall was employed by Defendant Galt Medical Corp. as its Vice President of Marketing from about February 2002 through about early April

- 1 -
Joint Case Management Conference Statement                    Case No.  C07-03714 JCS

2005. Tim Duvall had a written employment agreement with Galt Medical Corp., drafted by Galt, providing that Mr. Duvall would be granted options to purchase 100,000 shares of common stock of Galt Medical Corp. The written agreement provided the exercise prices for the stock options and that the last of the stock options would vest by February 15, 2005. The written agreement did not set any deadline for the exercise of these stock options.

The written agreement also provided that "A formal option plan is in the making and will be forwarded to you upon completion." Mr. Duvall contends that he had a number of communications with Galt Medical Corp. requesting that a formal stock option plan be forwarded to him. Galt Medical Corp. denies that Mr. Duvall made any such requests. No formal stock option plan ever was forwarded to Mr. Duvall.

Effective about August 2, 2006, defendants Galt Medical Corp. and Jim Eddings entered into a written agreement purporting to sell 100% of Galt Medical Corp.'s stock and stock derivatives (including stock options) to Theragenics Corporation and purporting to extinguish all stock derivatives (including stock options). Mr. Duvall was not paid anything for his purported stock options, which Mr. Duvall estimates were worth approximately $750,000.

Galt Medical Corp. contends that Mr. Duvall's stock options expired 30-days after the termination of his employment, that Mr. Duvall was aware of their expiration and expressly declined to exercise the stock options. Mr. Duvall contends that he never agreed or was even told that the stock options would purportedly expire and, in fact, was repeatedly assured by Defendant Jim Eddings that they would not. No written or electronic communications to Mr. Duvall state that the stock options would purportedly expire.

**Plaintiff's statement of factual issues in dispute:**

There are a number of factual issues presented by this case. One factual issue is whether defendants Galt Medical Corp. and Jim Eddings made promises

1  of stock options to Tim Duvall without intending to perform them.  A second
2  factual issue is whether the stock option provisions of the written employment
3  agreement drafted by Galt Medical Corp. are sufficiently certain to be
4  enforceable as a contract.  A third factual issue is whether the stock options
5  were wages, fringe benefits or a plan for the benefit of employees within the
6  meaning of various sections of the California Labor Code.  A fourth factual issue
7  is whether the stock options expired before Mr. Duvall attempted to exercise
8  them.   A fifth factual issue is whether one or more defendants took possession
9  of stock options owned by Mr. Duvall or deprived him of access to them for a
10 significant period of time.  A sixth factual issue is the nature and amount of any
11 damages suffered by Mr. Duvall.
12 **Defendants' statement of factual issues in dispute:**
13        The principal factual issues in dispute include: the terms of any stock
14 options of Plaintiff; whether such options are enforceable; whether Plaintiff was
15 paid his asked-for, or market value salary; whether Defendants knowingly made
16 false statements in connection with Plaintiff's employment about the stock
17 options with no intent to perform; the calculation and amount of Plaintiff's
18 damages, if any; and whether Plaintiff was aware of the terms of the stock
19 options and chose not to exercise his options, stating he did not have the money
20 to do so.
21
22 3.     <u>Legal Issues</u>
23 **Plaintiff's response:**
24 The disputed points of law include:
25 1.     Whether an employer may induce a prospective employee to accept a
26 lower salary in return for stock options specified in a written employment
27 agreement the employer drafts, fail for years to honor its promise to forward a
28 ///

formal stock option plan, and then claim the written employment agreement it drafted is not detailed enough to enforce;

2.	Whether an employer may induce a prospective employee to accept a lower salary in return for stock options specified in a written employment agreement the employer drafts, fail for years to honor its promise to present a formal stock option plan, and then claim the stock options expired even though no expiration date was ever specified in any written or electronic communication;

3.	Whether Mr. Duvall's stock options were wages, fringe benefits or a plan for the benefit of employees within the meaning of various sections of the California Labor Code;

4.	Whether Plaintiff pleaded sufficient factual detail in his promissory fraud claim of the circumstances indicating falseness and the manner in which the representations were false and misleading.

4.	Whether Plaintiff was an intended third-party beneficiary of the Stock Purchase Agreement, which purported to acquire all of Galt Medical Corp.'s stock and stock derivatives (including stock options);

6.	Whether a corporation that purports to acquire or extinguish valid unexpired stock options and prevents their rightful owner from exercising them is liable for conversion.

**Defendants' response:**

The disputed points of law include:

1.	Whether Plaintiff was an intended third-party beneficiary of the Stock Purchase Agreement, despite express language disclaiming the existence of third-party beneficiaries;

2.	Whether any stock or stock options claimed by Plaintiff were covered and/or transferred by the Stock Purchase Agreement;

3.	Whether stock options are "wages" for purposes of California Labor Code Sections 206 and 216;

4. Whether an alleged failure to honor stock options constitutes a failure to make previously agreed upon "*payments to* a health or welfare fund, pension fund or vacation plan, or any other such plan for the benefit of the employees" for purposes of California Labor Code Section 227;

5. Whether a failure to create a formal stock plan constitutes a breach of the covenant of good faith and fair dealing;

6. Whether Plaintiff's claims are barred or precluded, in whole or in part, by the doctrine of laches;

7. Whether Plaintiff's claims are barred or precluded, in whole or in part, by the doctrines of ratification, waiver, or estoppel; and

8. Whether Plaintiff's claims are barred or precluded, in whole or in part, due to failure of conditions precedent.

4. <u>Motions</u>

The only pending motion is defendants' motion to dismiss. Defendants anticipate filing a motion for summary judgment or adjudication. Plaintiff anticipates that he may file a motion for summary adjudication as to his claim for breach of contract, and perhaps as to more. Both parties anticipate filing discovery motions to the extent needed and permitted by the Court.

5. <u>Amendment of Pleadings</u>

The parties propose that all amendments to the pleadings be made 90 days prior to trial.

Plaintiff contends he has already requested leave to amend the eighth cause of action for conversion to correct the omission of Defendant Theragenics Corporation's name from the factual allegations in that cause of action. Plaintiff also contends he has already requested leave to amend the complaint to the extent the Court were to grant defendants' motion to dismiss in any part.

6. <u>Evidence Preservation</u>

All parties represent that they have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

The parties agreed that they will exchange by November 21, 2007 the information required by Fed.R. Civ. P. 26(a)(1).

8. <u>Discovery</u>

No discovery has been taken to date.

**The parties jointly propose to the court the following discovery plan:**

Discovery will be needed on the following subjects: negotiation of the terms and conditions of Plaintiff Tim Duvall's employment with Defendant Galt Medical Corp., the written employment agreement between Tim Duvall and Defendant Galt Medical Corp. and the performance or non-performance of its terms by the parties, the granting of stock options to Mr. Duvall, the intent of defendants Galt Medical Corp. and Jim Eddings in making purported representations to Mr. Duvall about granting him stock options, any reliance by Mr. Duvall on representations to him about granting him Galt Medical Corp. stock options and the reasonableness of any such reliance, any attempts by Galt Medical Corp. or Defendant Jim Eddings to create a formal stock option plan, communications and actions regarding Mr. Duvall's stock options, communications and actions regarding stock options granted to other employees of Galt Medical Corp., the extent to which Galt Medical Corp. had any stock option plan, negotiation of the sale or purported sale of Galt Medical Corp. stock and stock derivatives (including stock options) to Theragenics Corporation, the agreement selling or purporting to sell Galt Medical Corp.'s stock and stock

1 derivatives (including stock options) to Theragenics Corporation and its
2 implementation, whether any of Mr. Duvall's stock options were terminated or
3 expired, whether Mr. Duvall's stock options are enforceable, whether Mr. Duvall
4 was paid his asked-for or market value salary, whether Mr. Duvall was aware of
5 the terms of the stock options and chose not to exercise them, whether Mr.
6 Duvall was an intended third-party beneficiary of the stock purchase agreement,
7 the extent to which any Defendant took possession of Mr. Duvall's stock options
8 or prevented Mr. Duvall from possessing them, the value of the stock options in
9 dispute, the fair market value of Mr. Duvall's services as an employee of Galt
10 Medical Corp., emotional distress claimed by Mr. Duvall, the motives of
11 defendants for their actions regarding Mr. Duvall's purported stock options, any
12 conduct of Mr. Duvall inconsistent with or constituting waiver and/or estoppel
13 with regard to his claimed stock options and the purported terms thereof, and
14 such other matters as may be relevant to the issues as framed by the complaint
15 or by any amended complaint or answer that may be filed.

16 **Disclosure or discovery of electronically stored information should**
17 **be handled as follows:** the parties have agreed to preserve electronic
18 information in its original electronic format and will disclose or produce electronic
19 information in its native format or in such other formats as may be appropriate.

20 The parties have agreed to an **order regarding claims of privilege**
21 **or of protection as trial-preparation material asserted after production,**
22 **as follows:** no such order has been agreed upon.

23 **Plaintiff Tim Duvall proposes** that all discovery be commenced in time
24 to be completed by May 30, 2008, which is six months after the November 30,
25 2007 Case Management Conference in this case.

26 **Defendants propose** that all discovery be commenced in time to be
27 completed by a date six months from the Court's ruling on defendants' present
28 motion to dismiss, set for hearing on November 30, 2007.

1    Maximum of 25 interrogatories by each party to any other party.

2    Maximum of 25 requests for admission by each party to any other party.

3    Maximum of 10 depositions by Plaintiff and l0 depositions by defendants, not including expert witnesses, unless increased by agreement of the parties or order of the Court.

6    Each deposition limited to maximum of 7 hours unless extended by agreement of parties or order of the Court.

8    Plaintiff proposes that reports from retained experts under Rule 26(a)(2) be due for all parties by March 30, 2008.

10    Supplementations under Rule 26(e) due within a reasonable time after the additional information is learned.

9.    Class Actions

This is not a class action.

10.    Related Cases

There are no related cases of which the parties are aware.

11.    Relief

Plaintiff seeks damages to compensate him for his losses, as well as punitive damages according to proof, attorneys' fees and costs. Plaintiff estimates the value of his stock options at about $750,000. This estimate was made by dividing the purchase price paid by Theragenics Corporation in about August 2006 for Galt Medical Corporation stock and stock derivatives, dividing it by the estimated number of outstanding shares of Galt Medical Corporation stock and stock derivatives, multiplying the result by 100,000 (which is the number of stock options specified in Mr. Duvall's written employment agreement), then subtracting the stock option exercise prices for those 100,000 shares.

Plaintiff also seeks the difference between the amount paid him for his services to Galt Medical Corporation and the fair market value of that work, an amount not yet presently known. Plaintiff also seeks damages for emotional distress according to proof.

12. <u>Settlement and ADR</u>

Prospects for settlement are unknown at present. The parties have agreed to use private mediation within 90 days from the date of the order on defendants' pending motion to dismiss. The parties are in compliance with ADR Local Rule 3-5. The key discovery necessary to position the parties to negotiate a resolution are an initial exchange of interrogatories and requests for production and the depositions of Plaintiff Tim Duvall and Defendant Jim Eddings.

13. <u>Consent to Magistrate Judge for All Purposes</u>

All parties have consented to have the Hon. Joseph H. Spero, Magistrate Judge, conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties have not yet identified issues that can be narrowed by agreement. The parties disagree on the extent to which the issues in this case may properly be narrowed by motion.

///

///

///

16. <u>Expedited Schedule</u>

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>

The parties request a conference with the court before entry of the scheduling order.

**Plaintiff's proposed schedule**:

a. Plaintiff Tim Duvall proposes that all discovery be commenced in time to be completed by May 30, 2008, which is six months after the November 30, 2007 Case Management Conference in this case;

b. Plaintiff should be allowed until April 15, 2008 to join additional parties and until April 15, 2008 to amend the pleadings;

c. Defendants should be allowed until April 15, 2008 to join additional parties and until April 15, 2008 to amend the pleadings;

d. Reports from retained experts under Rule 26(a)(2) be due for all parties by March 30, 2008;

e. All potentially dispositive motions should be filed by April 30, 2008; and

f. The case should be ready for trial by July 2008.

**Defendants' proposed schedule:**

a. Discovery Cut-Off should be six (6) months after the date of the Order on Defendants' 12(b)(6) Motion;

b. Defendant proposes Plaintiff should be allowed until four (4) months after the date of the Order on Defendants' 12(b)(6) Motion to Amend and Join Additional Parties;

c. Disclosure of Experts for parties seeking affirmative relief should be made no later than sixty (60) days after the date of the Order on Defendants'

12(b)(6) Motion and Disclosure of Defendants' Experts should be made no later than ninety (90) days after the date of the Order on Defendants' 12(b)(6) Motion;

    d.    Hearing of Dispositive Motions should be had no later than six (6) months after the date of the Order on Defendants' 12(b)(6) Motion; and

    e.    Trial should be held eight (8) months after the date of the Order on Defendants' 12(b)(6) Motion.

**The Parties agree that:**

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from all parties 30 days before trial; that the Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3); and request a pretrial conference one month prior to trial.

18.    <u>Trial</u>

The case will be tried to a jury, pursuant to Plaintiff's demand for a jury trial. Plaintiff expects at this time the trial will take approximately 6 days. Defendants expect at this time the trial will take approximately 3 days.

19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>

Plaintiff does not have knowledge of the identity of non-party interested persons or entities other than as provided to him by Defendants in their Certificate of Interested Entities or Persons.

Defendants do not have knowledge of the identity of non-party interested persons or entities other than those listed in their "Certificate of Interested Entities or Persons."

Pursuant to Civil L.R. 3-16, Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject

matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  Galt Medical Corp.; Theragenics Corporation; Jim Eddings; Lester V. Baum; Lester V. Baum, Trustee of 1993 Michael L. Baum Trust; Lester V. Baum, Trustee of 1993 Betsy E. Baum Trust; Wren Browning; David G. Catlin; Sondra G. Eddings; Charles B. McFarland; John H. McFarland; Van E. McFarland, III; Klam Interests, Ltd.; Joseph Kunz; William E. Kunz; Glenn Leatherwood; Abdon Martinez; Gene L. Jameson; Harold L. Smitson, M.D.; William J. Usitalo; Jeanette Van Deventer, Trustee, West Texas Trading Co. Pension Plan; Kirstin Sullivan; Amanda Eddings; Virginia Pace; Angela W. Walters; Cirilo Rodriguez; Samuel L. Austin; Michael G. Vaughn; and Lauren Hart.

20.    <u>Other Matters</u>

None known at this time.

Dated:  November 19, 2007                LAW OFFICES OF PHIL HOROWITZ

by: _____
Phil Horowitz
Attorneys for Plaintiff
Tim Duvall

Dated: November 19, 2007                 HALLETT & PERRIN, P.C.

by: _____
Edward P. Perrin, Jr.
Attorneys for Defendants
Galt Medical Corp., Theragenics
Corporation and Jim Eddings