1  Phil Horowitz (State Bar #111624)
   Law Offices of Phil Horowitz
2  One Market Plaza
   Steuart Tower, Suite 2630
3  San Francisco, California 94105
   Telephone:  (415) 391-0111
4  Facsimile:  (415) 391-0123
   E-mail:  phil@creative.net
5
   Attorneys for Plaintiff
6  Tim Duvall

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 TIM DUVALL,                          )   Case No. C07-03714 JCS
                                        )
12              Plaintiff,              )   FIRST AMENDED COMPLAINT FOR:
                                        )
13    v.                                )   (1)  BREACH OF CONTRACT
                                        )        REGARDING STOCK OPTIONS;
14 GALT MEDICAL CORP.,                  )   (2)  BREACH OF THE COVENANT OF
   THERAGENICS CORPORATION,             )        GOOD FAITH AND FAIR DEALING;
15 JIM EDDINGS, and                     )   (3)  VIOLATION OF CALIFORNIA
   DOES 1 through 99, inclusive,        )        LABOR CODE;
16                                      )   (4)  PROMISSORY FRAUD; and
                Defendants.             )   (5)  CONVERSION.
17                                      )
                                        )   *Amount Demanded Exceeds*
18                                      )   *$10,000 (Government Code §72055)*
                                        )
19 _____ )        <u>JURY TRIAL DEMANDED</u>

20

21        Plaintiff complains against defendants, and each of them, demands a trial

22 by jury of all issues except costs and attorneys' fees, and for causes of action

23 alleges[1]:

24

25 ─────────────────────────

26      [1] This First Amended Complaint is being filed pursuant to the Court's Order
   granting Plaintiff's request for leave to amend.  Please see page 7, footnote 3, of
27 the November 27, 2007 Order Granting in Part and Denying in Part Defendants'
   Motion to Dismiss Certain Claims in Plaintiff's Original Complaint Pursuant to
28 Federal Rule of Civil Procedure 12(b)(6).

                                       - 1 -
First Amended Complaint                                         Case No. C07-03714 JCS

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff Tim Duvall was employed by defendant Galt Medical Corp. as its Vice President of Marketing from about February 2002 through about early April 2005.

2. Defendant Galt Medical Corp. is a corporation doing business in the State of California at all pertinent times.

3. Defendant Theragenics Corporation is a corporation doing business in the State of California at pertinent times.

4. Defendant Jim Eddings was at all pertinent times President and Chief Executive Officer of defendant Galt Medical Corp.

5. The true names and capacities of defendants sued as Does are unknown to plaintiff. Plaintiff is informed and believes that each of the Doe defendants was responsible in some way for the occurrences and injuries alleged in this complaint.

6. Plaintiff is informed and believe that in doing the things alleged in this complaint, each defendant was acting as an agent or employee of every other defendant, was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each of the remaining defendants. Plaintiff is also informed and believe that all actions of each defendant alleged in this complaint were ratified and approved by the officers or managing agents of every other defendant.

7. Plaintiff Tim Duvall and defendant Galt Medical Corp. entered into a written employment contract on about February 9, 2002. Among other things, that written employment contract provided as follows:

///
///
///
///

> "3. You will be granted an option to purchase 100,000 shares of common stock of Galt Medical. These options are tied to your employment and will vest in equal increments as follows:
>
> a) 25,000 shares available immediately at an exercise price of $1.00 per share
> b) 25,000 shares at 2/15/03 for $1.50 per share
> c) 25,000 shares at 2/15/04 for $1.75 per share
> d) 25,000 shares at 2/15/05 for $2.00 per share
>
> "4. In the event the Company were to be sold before the three year period, all shares would vest immediately. A formal option plan is in the making and will be forwarded to you upon completion."

8. Defendants Galt Medical Corp. and Jim Eddings assured plaintiff Tim Duvall that a formal stock option plan was in the making and would be forwarded to Mr. Duvall upon completion. However, neither these defendants nor anyone else ever forwarded a formal stock option plan to Mr. Duvall.

9. In about November 2004, plaintiff Tim Duvall reminded defendants Galt Medical Corp. and Jim Eddings that the last of his stock options would be fully vested soon after the beginning of the next year. Defendants Galt Medical Corp. and Jim Eddings did not dispute Mr. Duvall's entitlement to these stock options and admitted that they had been remiss in addressing Mr. Duvall's compensation.

10. During approximately the week of December 27, 2004, defendants Galt Medical Corp. and Jim Eddings told plaintiff Tim Duvall that, as a result of an audit, it might be advisable to change Mr. Duvall's stock options into a stock grant. Defendants Galt Medical Corp. and Jim Eddings told Mr. Duvall that more information about this would be sent to Mr. Duvall shortly.

11. At about the end of January 2005, defendants Galt Medical Corp. and Jim Eddings told plaintiff Tim Duvall that they were working on formalizing the documentation of Mr. Duvall's stock options or, if advisable and agreeable, documentation to convert Mr. Duvall's stock options into stock grants.

///

12. In about March 2005, plaintiff Tim Duvall informed defendants Galt Medical Corp. and Jim Eddings that he was resigning in order to accept a position as Chief Executive Officer of another company.

13. In about early April 2005, during plaintiff Tim Duvall's last official assignment as an employee of defendant Galt Medical Corp. before his resignation became effective, defendants Galt Medical Corp. and Jim Eddings asked Mr. Duvall whether he wanted to exercise any of his stock options at that time, as they were then 100% vested. Mr. Duvall asked what had happened about the issue of potentially converting the stock options to stock grants. In response, defendants Galt Medical Corp. and Jim Eddings told Mr. Duvall that Galt Medical Corp. had decided to stay with stock options. Mr. Duvall responded by telling defendants Galt Medical Corp. and Jim Eddings that he would not exercise his stock options at that time in the hope that their value would continue to increase.

14. In about late March 2006 or early April 2006, about a year after plaintiff Tim Duvall's employment with Galt Medical Corp. had ended, plaintiff Tim Duvall and his wife helped out defendant Galt Medical Corp. at an important meeting. At that meeting, defendants Galt Medical Corp. and Jim Eddings thanked Mr. Duvall for that help. Mr. Duvall responded by saying that he was always willing to help out with his investment, referring to his stock options in Galt Medical Corp. Defendants Galt Medical Corp. and Jim Eddings responded that they were doing their best to take care of Mr. Duvall's investment in Galt Medical Corp.

15. Effective on about August 2, 2006, defendants Galt Medical Corp. and Jim Eddings entered into a written agreement purporting to sell 100% of the stock and 100% of the stock derivatives, including stock options, of Galt Medical Corp. to defendant Theragenics Corporation for $34,000,000.

///

16. This written agreement to sell all of the stock and stock derivatives of defendant Galt Medical Corp. to defendant Theragenics Corporation provided in part that all owners of Galt Medical Corp. stock derivatives, including stock options, would be paid at the closing of the sale the portion of the $34,000,000 purchase price "allocable to the number of Company shares subject to the option," subtracting "the aggregate applicable exercise price" and "reduced by any required tax withholding."

17. Plaintiff is informed and believes that the purported sale of all stock and stock derivatives, including stock options, of Galt Medical Corp. closed on about August 2, 2006.

18. Plaintiff was not informed about, and did not learn about, the purported sale of all stock and stock derivatives, including stock options, of Galt Medical Corp. until after the sale closed.

19. Neither defendant Galt Medical Corp. nor defendant Theragenics Corporation nor anyone else has ever paid plaintiff Tim Duvall for his stock options. Instead, defendants Galt Medical Corp. and Jim Eddings purported to transfer Mr. Duvall's stock options to defendant Theragenics Corporation without paying Mr. Duvall for the stock options Mr. Duvall owned.

**FIRST CAUSE OF ACTION**

**Breach of Contract Regarding Stock Options**

**By Defendants Galt Medical Corp. and Does 1 through 4**

As a first, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp. and Does 1 through 4, and each of them, and for a cause of action alleges:

20. Plaintiff hereby incorporates by reference Paragraphs 1 through 19, inclusive, as though set forth here in full.

///

1    21. Plaintiff Tim Duvall entered into a written employment contract with
2 defendants Galt Medical Corp. and Does 1 through 4 in about February 2002.
3 Among other things, that written employment contract provided as follows:

> "3.   You will be granted an option to purchase 100,000 shares of common stock of Galt Medical. These options are tied to your employment and will vest in equal increments as follows:
>
>   a)   25,000 shares available immediately at an exercise price of $1.00 per share
>   b)   25,000 shares at 2/15/03 for $1.50 per share
>   c)   25,000 shares at 2/15/04 for $1.75 per share
>   d)   25,000 shares at 2/15/05 for $2.00 per share
>
> "4.   In the event the Company were to be sold before the three year period, all shares would vest immediately. A formal option plan is in the making and will be forwarded to you upon completion."

22. Plaintiff Tim Duvall undertook and continued employment with defendant Galt Medical Corp. and duly performed all of the conditions of the employment agreement to be performed by him through the time his employment ended in about early April 2005.

23. Pursuant to his written employment agreement with defendant Galt Medical Corp., by February 15, 2005 plaintiff Tim Duvall was 100% vested in, and thereby owned, stock options for 100,000 shares of defendant Galt Medical Corp.'s stock.

24. On or about August 2, 2006 and continuing thereafter, defendants Galt Medical Corp. and Does 1 through 4 breached plaintiff Tim Duvall's written employment agreement by failing to pay Mr. Duvall for his stock options and, instead purporting to transfer Mr. Duvall's stock options to defendant Theragenics Corporation without paying Mr. Duvall for the stock options Mr. Duvall owned.

25. As a legal result of the breach of contract by Galt Medical Corp. and Does 1 through 4, plaintiff Tim Duvall has suffered the loss of the value of his stock options. Plaintiff will seek leave to amend this complaint to state the amount, or will proceed according to proof at trial.

26. Plaintiff seeks an order requiring an accounting of defendants' books and records to determine the precise amounts owed him.

27. Plaintiff is also entitled to, and hereby requests, an award of interest pursuant to California §218.6 and any other applicable legal authority.

28. Plaintiff is also entitled to, and hereby requests, an award of reasonable attorneys' fees and costs pursuant to California Labor Code §218.5 and any other applicable legal authority.

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

### By Defendants Galt Medical Corp. and Does 1 through 4

As a second, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp. and Does 1 through 4, and each of them, and for a cause of action alleges:

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth here in full.

30. Defendants Galt Medical Corp. and Does 1 through 4, and each of them, had the legal duty to act fairly and in good faith towards plaintiff in connection with his employment contract with them. These defendants covenanted to give full cooperation to plaintiff in his performance under the employment agreement, to treat plaintiff fairly and in good faith, to treat plaintiff the same way as other similarly situated employees, and to refrain from any act which would impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement, or which would prevent plaintiff from receiving the benefits of the employment agreement.

31. During the four years prior to the filing of this Complaint, defendants Galt Medical Corp. and Does 1 through 4 breached the covenant of good faith

///

First Amended Complaint                                             Case No. C07-03714 JCS

and fair dealing by failing to document Mr. Duvall's stock options in a formal stock option plan.

32. On about August 2, 2006, defendants Galt Medical Corp. and Does 1 through 4 breached the covenant of good faith and fair dealing by failing to pay Mr. Duvall for his stock options and, instead purporting to transfer Mr. Duvall's stock options to defendant Theragenics Corporation without paying Mr. Duvall for the stock options Mr. Duvall owned.

33. As a legal result of the breach of the covenant of good faith and fair dealing by defendants Galt Medical Corp. and Does 1 through 4, plaintiff Tim Duvall has suffered the loss of the value of his stock options.  Plaintiff will seek leave to amend this complaint to state the amount, or will proceed according to proof at trial.

34. Plaintiff seeks an order requiring an accounting of defendants' books and records to determine the precise amounts owed him.

35. Plaintiff is also entitled to, and hereby requests, an award of interest pursuant to California §218.6 and any other applicable legal authority.

36. Plaintiff is also entitled to, and hereby requests, an award of reasonable attorneys' fees and costs pursuant to California Labor Code §218.5 and any other applicable legal authority.

### THIRD CAUSE OF ACTION
### Breach of Contract Regarding Stock Options
### By Defendants Theragenics Corporation and Does 5 through 50

[The Court ordered dismissed this claim for Breach of Contract Regarding Stock Options By Defendants Theragenics and Does 5 through 50.  Please see the November 27, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims in Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).   In compliance with the Court's Order, Paragraphs 37 through 47 are omitted from this First Amended Complaint.]

**FOURTH CAUSE OF ACTION**

**Breach of the Covenant of Good Faith and Fair Dealing**

**By Defendants Theragenics Corporation and Does 5 through 50**

[The Court ordered dismissed this claim for Breach of the Covenant of Good Faith and Fair Dealing By Defendants Theragenics and Does 5 through 50. Please see the November 27, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims in Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  In compliance with the Court's Order, Paragraphs 48 through 54 are omitted from this First Amended Complaint.]

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code**

**By Defendants Galt Medical Corp. and Does 1 through 4**

[The Court ordered dismissed this Fifth Cause of Action as to all defendants to the extent it is based on California Labor Code Sections 206, 216 and 227, and otherwise denied Defendants' Motion to Dismiss this Fifth Cause of Action.  Please see the November 27, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims in Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  In compliance with the Court's Order, all references to California Labor Code Sections 206, 216 and 227 have been omitted from this First Amended Complaint and in this Fifth Cause of Action the term "compensation" replaces the word "wages".]

///
///
///
///
///

As a fifth, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp. and Does 1 through 4, and each of them, and for a cause of action alleges:

55. Plaintiff hereby incorporates by reference Paragraphs 1 through 54, inclusive, as though set forth here in full.

56. The stock options for 100,000 shares of stock of Galt Medical Corp. in which plaintiff was 100% vested, and which plaintiff therefore owned, were compensation plaintiff had earned in connection with his employment with defendants Galt Medical Corp. and Does 1 through 4.

57. Defendants Galt Medical Corp. and Does 1 through 4, and each of them, failed to pay and are continuing to fail to pay plaintiff Tim Duvall part of the compensation he had earned: namely, his stock options for 100,000 shares of stock, even though they conceded that this compensation was due.

58. Defendants Galt Medical Corp. and Does 1 through 4, and each of them, had and continue to have the ability to pay plaintiff Tim Duvall all of the compensation he had earned, including his stock options for 100,000 shares of stock. Defendants Galt Medical Corp. and Does 1 through 4, and each of them, willfully refused and despite the filing and service of this Complaint are continuing to refuse to pay plaintiff Tim Duvall part of the compensation he had earned: namely, his stock options for 100,000 shares of stock.

59. Plaintiff is informed and believes that defendants Galt Medical Corp. and Does 1 through 4, and each of them, denied and are continuing to falsely deny the amount or validity of compensation owed to plaintiff Tim Duvall, even after the filing and service of this complaint, with the intent to annoy, harass, oppress, hinder, delay and/or defraud Mr. Duvall.

60. Defendants Galt Medical Corp. and Does 1 through 4 agreed with plaintiff Tim Duvall to make payments of stock options for 100,000 shares of stock to a stock option plan for the benefit of Mr. Duvall. Defendants Galt

1  Medical Corp. and Does 1 through 4 willfully and/or with intent to defraud failed
2  to make, and are continuing to fail to make, the payments required by the terms
3  of their agreement with Mr. Duvall.
4     61. Defendants Galt Medical Corp. and Does 1 through 4 failed to pay,
5  and are continuing to fail to pay, plaintiff Tim Duvall some of the compensation
6  he earned before he resigned from his employment, which had no specified term,
7  namely his stock options for 100,000 shares of stock.  This violated and is
8  continuing to violate California Labor Code §2927.
9     62. As a legal result of the violations by defendants Galt Medical Corp.
10 and Does 1 through 4, and each of them, plaintiff Tim Duvall has suffered the
11 loss of the value of his stock options.  Plaintiff will seek leave to amend this
12 complaint to state the amount, or will proceed according to proof at trial.
13     63. Plaintiff seeks an order requiring an accounting of defendants' books
14 and records to determine the precise amounts owed him.
15     64. As a legal result of the violations by defendants Galt Medical Corp.
16 and Does 1 through 4, and each of them, plaintiff Tim Duvall has suffered and is
17 continuing to suffer from substantial emotional distress, including mortification,
18 and hurt feelings, anger, outrage, disappointment and worry.  Plaintiff will seek
19 leave to amend this complaint to state the amount or will proceed according to
20 proof at trial.
21     65. Plaintiff is also entitled to, and hereby requests, an award of interest
22 pursuant to California §218.6 and any other applicable legal authority.
23     66. Plaintiff is also entitled to, and hereby requests, an award of
24 reasonable attorneys' fees and costs pursuant to California Labor Code §218.5
25 and any other applicable legal authority.
26     67. Defendants Galt Medical Corp. and Does 1 through 4, and each of
27 them, acted oppressively, fraudulently, and maliciously, in willful and conscious
28 disregard of the rights of plaintiff Tim Duvall, and with the intention of causing or

1  in reckless disregard of the probability of causing injury and emotional distress
2  to Mr. Duvall.
3       68.  These defendants were informed of the oppressive, fraudulent and
4  malicious conduct of their employees, agents and subordinates, and ratified,
5  approved, and authorized that conduct.
6       69.  The foregoing conduct of these defendants, and each of them, was
7  intentional, willful and malicious and plaintiffs, and each of them, are entitled to
8  punitive damages in an amount to conform to proof.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code Section 216

### By Defendants Theragenics Corporation and Does 5 through 50

[The Court ordered dismissed this claim for Violation of California Labor Code Section 216.  Please see the November 27, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims in Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).   In compliance with the Court's Order, Paragraphs 70 through 81 are omitted from this First Amended Complaint.]

## SEVENTH CAUSE OF ACTION

### Promissory Fraud

### By Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4

As a seventh, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, and for a cause of action alleges:

82.  Plaintiff hereby incorporates by reference Paragraphs 1 through 81, inclusive, as though set forth here in full.

///

83. In about February 2002, defendant Jim Edding and, through him, Galt Medical Corp. and Does 3 and 4, promised the following to plaintiff Tim Duvall in a written employment contract:

> "3. You will be granted an option to purchase 100,000 shares of common stock of Galt Medical. These options are tied to your employment and will vest in equal increments as follows:
>
>    a) 25,000 shares available immediately at an exercise price of $1.00 per share
>    b) 25,000 shares at 2/15/03 for $1.50 per share
>    c) 25,000 shares at 2/15/04 for $1.75 per share
>    d) 25,000 shares at 2/15/05 for $2.00 per share
>
> "4. In the event the Company were to be sold before the three year period, all shares would vest immediately. A formal option plan is in the making and will be forwarded to you upon completion."

Defendant Jim Eddings, and, through him, Galt Medical Corp. and Does 3 and 4, also made this same promise to plaintiff Tim Duvall verbally on the telephone in about February 2002.

84. This promise was important to the transaction in that plaintiff Tim Duvall would not have accepted employment with defendant Galt Medical Corp. but for this promise or some other promise of at least equivalent value. Both plaintiff Tim Duvall and defendant Tim Duvall and, through him, Galt Medical Corp. and Does 3 and 4, acknowledged to one another that Mr. Duvall's compensation would be insufficient but for this promise.

85. Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, did not intend to perform this promise when they made it.

86. Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, intended that plaintiff Tim Duvall rely on this promise by, among other things, working and continuing to work as Vice President of Marketing of defendant Galt Medical Corp.

87. Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, intended that plaintiff Tim Duvall rely on this promise by, among

other things, not requiring as a condition of employment or continued employment that he be paid more compensation, other than stock options, than Mr. Duvall agreed to be and was paid.

88. Plaintiff Tim Duvall reasonably relied upon the promise by defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, by, among other things:

(a) accepting and continuing employment as Vice President of Marketing of defendant Galt Medical Corp.,

(b) not requiring as a condition of employment or continued employment that he be paid more compensation, other than stock options, than Mr. Duvall agreed to be and was paid; and

(c) refraining from accepting employment elsewhere other than at defendant Galt Medical Corp. during the period during which Mr. Duvall was employed there.

89. Defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, did not perform their promise.

90. Plaintiff Tim Duvall was harmed by the promise without intent to perform made by defendant Jim Eddings and, through him, defendants Galt Medical Corp. and Does 3 and 4.

91. Plaintiff Tim Duvall's reliance on the promise by defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, was a substantial factor in causing harm to plaintiff Tim Duvall.

92. But for plaintiff Tim Duvall's reliance on the promise by defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, plaintiff would not have accepted employment with Galt Medical Corp. for the compensation other than stock options promised him and he would have instead:

///

///

(a) required as a condition of employment or continued employment that he be paid more compensation, other than stock options, than Mr. Duvall agreed to be and was paid; or

(b) obtained and accepted employment or other work elsewhere that would have paid Mr. Duvall substantially more compensation than he ended up being paid for his employment with defendant Galt Medical Corp.

93. Despite exercising reasonable care and diligence, plaintiff Tim Duvall did not learn of the falsity of defendants' promise until after August 2, 2006.

94. As a legal result of the promissory fraud against him by defendants Galt Medical Corp., Jim Eddings, and Does 3 and 4, and each of them, plaintiff Tim Duvall suffered a loss of compensation from employment. That loss of compensation is:

(a) the amount of additional compensation that Mr. Duvall would have required he be paid as a condition of employment or continued employment had he not been promised the stock options, or

(b) the additional compensation that Mr. Duvall would have received if he had obtained and accepted employment somewhere other than at Galt Medical Corp. compared to the compensation that Mr. Duvall ended up being paid for his employment with defendant Galt Medical Corp, or

(c) the fair market value of what plaintiff Tim Duvall gave in working for defendant Galt Medical Corporation less what he actually received.

95. As a legal result of the promissory fraud by defendants Galt Medical Corp. and Does 1 through 4, and each of them, plaintiff Tim Duvall has suffered and is continuing to suffer from substantial emotional distress, including mortification, and hurt feelings, anger, outrage, disappointment and worry.

///

Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

96. Defendants Galt Medical Corp. and Does 1 through 4, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of plaintiff Tim Duvall, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to Mr. Duvall.

97. These defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

98. The foregoing conduct of these defendants, and each of them, was intentional, willful and malicious and plaintiffs, and each of them, are entitled to punitive damages in an amount to conform to proof.

**EIGHTH CAUSE OF ACTION**

**Conversion**

**By Defendants Galt Medical Corp., Theragenics Corporation,**

**Jim Eddings, and Does 3, 4 and 20 through 50**

As an eighth, separate and distinct cause of action, plaintiff Tim Duvall complains against defendants Galt Medical Corp., Theragenics Corporation, Jim Eddings, and Does 3, 4, and 20 through 50, and each of them, and for a cause of action alleges:

99. Plaintiff hereby incorporates by reference Paragraphs 1 through 97, inclusive, as though set forth here in full.

100. Plaintiff Tim Duvall owned and had a right to possess stock options for 100,000 shares of stock of Galt Medical Corp.

101. Defendants Galt Medical Corp., Theragenics Corporation, Jim Eddings, and Does 3, 4, and 20 through 50, and each of them, intentionally took

1  possession of the stock options for 100,000 shares of stock of Galt Medical Corp.
2  that plaintiff Tim Duvall owned and had a right to possess, and have prevented
3  plaintiff Tim Duvall from having access to those stock options for a significant
4  period of time.

5        102.  Plaintiff Tim Duvall did not consent to defendants Galt Medical Corp.,
6  Theragenics Corporation, Jim Eddings, and Does 3, 4, and 20 through 50, or any
7  of them, taking possession of his stock options for 100,000 shares of stock of
8  Galt Medical Corp. or to preventing him from having access to those stock
9  options.

10        103.  As a legal result of this conduct by defendants Galt Medical Corp.,
11  Theragenics Corporation, Jim Eddings, and Does 3, 4, and 20 through 50, and
12  each of them, plaintiff Tim Duvall has suffered the loss of the value of his stock
13  options.  Plaintiff will seek leave to amend this complaint to state the amount or
14  will proceed according to proof at trial.

15        104.  As a legal result of this conduct by defendants Galt Medical Corp.,
16  Theragenics Corporation, Jim Eddings, and Does 3, 4, and 20 through 50, and
17  each of them, plaintiff Tim Duvall has spent and will continue to have to spend
18  time and money to recover his stock options.  Plaintiff will seek leave to amend
19  this complaint to state the amount or will proceed according to proof at trial.

20        105.  As a legal result of this conduct by defendants Galt Medical Corp.,
21  Theragenics Corporation, Jim Eddings, and Does 3, 4, and 20 through 50, and
22  each of them, plaintiff Tim Duvall has suffered and is continuing to suffer from
23  substantial emotional distress, including mortification, and hurt feelings, anger,
24  outrage, disappointment and worry.  Plaintiff will seek leave to amend this
25  complaint to state the amount or will proceed according to proof at trial.

26        106.  Defendants Galt Medical Corp., Theragenics Corporation, Jim
27  Eddings, and Does 3, 4, and 20 through 50, and each of them, acted
28  oppressively, fraudulently, and maliciously, in willful and conscious disregard of

the rights of plaintiff Tim Duvall, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to Mr. Duvall.

107.  These defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

108.  The foregoing conduct of these defendants, and each of them, was intentional, willful and malicious and plaintiffs, and each of them, are entitled to punitive damages in an amount to conform to proof.

**PRAYER**

Wherefore plaintiff Tim Duvall prays for judgment against defendants, and each of them, as follows:

1.  For a money judgment representing compensatory damages for the value of plaintiff's stock options,  together with interest on this amount, according to proof;

2.  For an order requiring an accounting of defendants' books and records to determine the precise amount owed to plaintiff for his stock options;

3.  For interest on the value of the stock options owed to plaintiff, according to proof or pursuant to Labor Code §218.6 or any other appropriate legal authority;

4.  For the amount of additional compensation that Mr. Duvall would have required he be paid as a condition of employment or continued employment had he not been promised the stock options;

5.  For the additional compensation that Mr. Duvall would have received if he had obtained and accepted employment somewhere other than at Galt Medical Corp. compared to the compensation that Mr. Duvall ended up being paid for his employjent with defendant Galt Medical Corp;

1    6. For the fair market value of what plaintiff Tim Duvall gave in working
2 for defendant Galt Medical Corporation less what he actually received;
3    7. Reasonable compensation for the time and money spent by plaintiff in
4 attempting to recover his stock options.
5    8. For a money judgment for mental pain and anguish and emotional
6 distress, according to proof;
7    9. For an award of punitive damages, according to proof;
8    10. For prejudgment and post-judgment interest;
9    11. For attorney fees pursuant to Labor Code §218.5, and any other
10 appropriate legal authority;
11    12. For costs of suit; and
12    13. For any other relief that is just and proper.
13 Dated: December 17, 2007                LAW OFFICES OF PHIL HOROWITZ
14
15                                    by  _____
                                          Phil Horowitz
16                                        Attorneys for Plaintiff
                                          Tim Duvall
17
18
19                          **JURY TRIAL DEMANDED**
20    Plaintiff demands trial by jury of all issues, except for attorneys' fees and
21 costs.
22 Dated: December 17, 2007                LAW OFFICES OF PHIL HOROWITZ
23
24                                    by  _____
                                          Phil Horowitz
25                                        Attorneys for Plaintiff
                                          Tim Duvall
26
27
28

- 19 -
First Amended Complaint                                      Case No. C07-03714 JCS