IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM DUVALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GALT MEDICAL CORP., THERAGENICS CORPORATION, JIM EDDINGS, and DOES 1-99, inclusive,<br><br>　　　　　Defendants. | Case No. 07-3714<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties, that this Stipulated Protective Order ("Stipulation") shall govern the handling of information produced or disclosed by any party or nonparty (the "Producing Party") in the above action (the "Action"), including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, and pretrial and trial testimony (such information hereinafter referred to as "Discovery Material") that is designated as "Confidential" pursuant to this Stipulation.

　　　　1.　　The provisions of this Stipulation and Order shall apply to (i) the named parties to this Action, and (ii) any other person entitled to receive Discovery Material who agrees to be bound by the terms of this Stipulation as provided in Paragraph 6 below.

　　　　2.　　Any Producing Party may designate any Discovery Material as "Confidential" ("Confidential Material") under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains information that is protected by any constitutional, statutory, or common law right to privacy, contains confidential and/or proprietary business information, personal financial or protected data, or is a trade secret pursuant to Federal or California law.

3. Confidential Material and information derived therefrom, to the extent such information is properly discoverable in this Action, shall be used by the party, or individual, including attorneys, receiving it (the "Receiving Party") solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any product development, business, proprietary, or commercial purpose. Confidential Material shall not be given, shown, made available or communicated in any way except to those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in paragraphs 5 and 6, below.

4. The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by the Producing Party:

   a. In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admissions, or other materials (apart from depositions or other pretrial or trial testimony) by affixing the legend "Confidential" to each page thereof, or to each folder, bound volume, box or container containing only pages with Confidential Material.

   b. In the case of depositions (i) by a statement on the record, by counsel, during such deposition that such testimony shall be treated as Confidential Material; or (ii) by written notice designating the portions of the record to be treated as confidential, delivered to the attorneys of record for all parties within 10 business days after receiving a copy of the transcript thereof.

5. Discovery Material designated "Confidential" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part, for the sole limited purposes set forth herein, only to the following:

   a. the parties' outside counsel of record in this Action;

   b. regular and temporary paralegal or clerical employees of outside counsel necessary to assist in the conduct of this Action for use in accordance with this Stipulation, provided, however, that should a party elect to add or alter current counsel of record, that party shall provide written notice to the Producing Party, and shall allow the Producing Party five business days to object to the disclosure of its Confidential Material to such counsel;

c. the Court, pursuant to paragraph 16 of this Stipulation;

d. court reporters employed in connection with this Action;

e. experts or consultants ("Experts") and their staff, other than those employed by or who are officers, directors or scientific advisors of a party, necessary to assist counsel with the preparation of trial in this Action, subject to and conditioned upon compliance by such Expert with Paragraph 6 of this Stipulation;

f. graphics or design services, non-technical jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel necessary to assist outside counsel with preparation or presentation at trial, or other court proceedings in this Action;

g. the parties or employees of the parties;

h. any third-party witness in preparation for, interviewing them for purposes of gathering information for this Action, or during their deposition or trial testimony; and

i. any mediator employed in connection with this Action;

j. any other person upon written stipulation of the Producing Party.

Every person given access to Confidential Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used other than in accordance with this Stipulation.

6. All persons listed in subparagraphs 5(e), (h), and (j) above may be given access to Confidential Material, only if said person has been approved for access as follows:

(1) The party seeking approval shall provide all parties with a signed copy of Exhibit A hereto confirming the Recipient's understanding and agreement to abide by the terms of this Stipulation;

(2) Within 10 business days after receipt of a signed copy of Exhibit A any party may object in writing to the Recipient having access to the Producing Party's Confidential Material. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within 15 business days after receipt of a signed copy of Exhibit A, the party seeking to prevent disclosure to a Recipient may file a motion with this Court for an Order that access to Confidential Material be denied to the Recipient.

7.  This Stipulation shall not be construed to prevent interview or examination of any person or witness at trial or during a deposition concerning any Confidential Material which that person had lawfully received prior to and apart from this lawsuit. During the deposition of an expert witness, the witness may be shown Confidential Material subject to and conditioned upon compliance with subparagraphs 4(a) and 4(b) of this Stipulation and Order.

8.  In the event that any party is called upon to produce material in his possession, custody or control which is subject to an obligation of confidentiality to any person or entity not a party to this Action, the responding party shall request the subpoenaing party to agree that such material shall be designated as Confidential Material pursuant to this Stipulation. In addition, the Producing Party shall notify the person or entity whose material is to be produced at least 10 days prior to making such production. If within 10 days of receiving such notice the person or entity whose material is to be produced moves the Court for an order barring such production or granting additional protection, the Producing Party shall not produce the requested material until after the Court rules on the motion. Material produced by a third party in response to a subpoena in this Action may be designated by the third party as Confidential Material pursuant to this Stipulation, and will be subject to the same restrictions as Confidential Material produced by any of the parties hereto.

9.  Entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation shall not:

   a.  operate as an admission by any party that any particular Confidential Material contains information that is protected by any constitutional, statutory, or common law right to privacy, contains confidential and/or proprietary business information, personal financial or protected data, or is a trade secret pursuant to Federal or California law;

   b.  prejudice in any way the rights of any Producing Party to object to the production of documents they consider not subject to discovery;

   c.  prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation;

    d.  prejudice in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Stipulation;

    e.  prejudice in any way the rights of any Producing Party to petition the Court for a further protective order relating to any purportedly confidential information; or

    f.  prevent the parties to this Stipulation from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

  10. This Stipulation has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials or information designated as Confidential Material obtained lawfully by such party independently of any proceedings in this Action, or which:

    a.  was already known to the Receiving Party by lawful means prior to acquisition from, or disclosure by, the other party in this Action; or

    b.  is or becomes publicly known through no fault or act of the Receiving Party; or

    c.  is rightfully received by the Receiving Party from a third party which has authority to provide such Confidential Material without restriction as to disclosure.

  11. In the event additional parties join or are joined in this Action, they shall not have access to Confidential Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation or an alternative order which is satisfactory to all parties and the Court.

  12. It is the present intention of the parties that the provisions of this Stipulation shall govern discovery and other pretrial and trial proceedings in this Action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation by application to the Court on notice to the other parties hereto.

13. The parties agree to be bound by the terms of this Stipulation and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

14. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received Confidential Material shall destroy or return to counsel for the Producing Party, or place documents in sealed folder, envelope, or container labeled "Confidential Pursuant to Stipulation," such material and all copies thereof (including summaries and excerpts). Counsel shall make reasonable efforts so that any Consultants it has retained abide by this provision. Upon request, counsel shall provide a certification that all Confidential Material has been destroyed, returned, or placed in a sealed folder, envelope, or container labeled "Confidential Pursuant to Stipulation," pursuant to this paragraph. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

15. During the pendency of this Action, any party objecting to the designation of any Discovery Material or testimony as Confidential Material may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as it has been designated pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift the burden of establishing confidentiality.

16. In the event that any Confidential Material is used in any court proceeding in this Action or any appeal therefrom, said Confidential Material shall not lose its status through such use, provided however that counsel confers with the Court on such procedures as are necessary to ensure the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

17. If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with legal process by one not a

party to this Action, seeking Discovery Material which has been produced or designated as "Confidential" by someone other than the Receiving Party, the Receiving Party shall give prompt written notice, by hand or facsimile, to the Producing Party and shall object to its production to the extent permitted by law. Should the person seeking access to the Confidential Material take action against the Receiving Party or anyone else covered by this Stipulation to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation. Nothing herein shall be construed as requiring the Receiving Party to challenge or appeal any order requiring production of Confidential Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material. A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: January 18, 2008

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


/s/ Phil Horowitz
LAW OFFICES OF PHIL HOROWITZ
PHIL HOROWITZ (State Bar No. 111624)
One Market Plaza
Steuart Tower, Suite 2630
San Francisco, CA 94105
Telephone:    (415) 391-0111
Facsimile:    (415) 391-0123

ATTORNEYS FOR PLAINTIFF TIM DUVALL


/s/ Edward P. Perrin, Jr.
HALLETT & PERRIN, P.C.
EDWARD P. PERRIN, JR. (*Pro Hac Vice*)
Texas State Bar No. 15796700
ADRIENNE I. HIRST (*Pro Hac Vice*)
Texas State Bar No. 24047561
2001 Bryan Street, Suite 3900
Dallas, Texas 75201
Telephone:    (214) 953-0053
Facsimile:    (214) 922-4141

ATTORNEYS FOR DEFENDANTS GALT MEDICAL CORP., THERAGENICS CORPORATION, AND JAMES R. EDDINGS


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____                _____
                                      Judge Joseph C. Spero
                                      United States Magistrate Judge