Case 3:07-cv-03714-JCS    Document 40    Filed 01/18/2008    Page 1 of 10

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
D. RONALD RYLAND, Cal. Bar No. 49749
CRAIG A. PINEDO, CAL. Bar No. 191337
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

HALLETT & PERRIN, P.C.
EDWARD P. PERRIN, JR. (*Pro Hac Vice*)
Texas State Bar No. 15796700
ADRIENNE I. HIRST (*Pro Hac Vice*)
Texas State Bar No. 24047561
2001 Bryan Street, Suite 3900
Dallas, Texas 75201
Telephone:    (214) 953-0053
Facsimile:    (214) 922-4141

Attorneys for Defendants Galt Medical Corp.,
Theragenics Corporation, and James R. Eddings

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM DUVALL,<br><br>        Plaintiff,<br><br>v.<br><br>GALT MEDICAL CORP., THERAGENICS CORPORATION, JIM EDDINGS, and DOES 1-99, inclusive,<br><br>        Defendants. | Case No. 07-3714<br><br>**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

    **COME NOW**, Defendants Galt Medical Corp. ("Galt"), Theragenics Corporation ("Theragenics"), and James R. Eddings ("Eddings") (collectively "Defendants") and file their Original Answer to Plaintiff's First Amended Complaint ("Amended Complaint") and, in support of same, respectfully shows the Court as follows:

    In answer to the specific allegations of Plaintiff's Amended Complaint, Defendants hereby respond in correspondingly-numbered paragraphs as stated below.

W02-WEST:5CP\400529721.1                      DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S<br>FIRST AMENDED COMPLAINT

# I. GENERAL DENIAL

## A. Facts Common to All Causes of Action

1. Defendants admit the allegations in Paragraph 1 of the Amended Complaint.

2. Defendants admit that Galt is a Texas corporation that does business in the State of California.

3. Defendants admit that Theragenics is a Delaware corporation that does business in the State of California.

4. Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Amended Complaint.

6. Defendants deny many of "the things alleged in [the] complaint," but admit that Eddings is an agent of Galt. Defendants deny the remaining allegations in Paragraph 6 of the Amended Complaint.

7. Defendants admit that in a letter dated February 9, 2002, an offer of employment was made to Plaintiff as set forth therein. Such letter speaks for itself, and Defendants deny any allegations inconsistent with the terms and conditions of such letter.

8. Defendants admit that Galt stated, in its February 9, 2002 letter, that Galt was in the process of creating a formal option plan and it would be forwarded to Plaintiff Tim Duvall ("Plaintiff") upon completion. Defendants admit that Galt never forwarded a formal option plan. Defendants deny the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Defendants are without sufficient knowledge to admit or deny Plaintiff's allegation that in November 2004, he reminded Galt and Eddings that the last of his stock options would be fully vested soon, and therefore, for the purposes of this Answer, the allegations in Paragraph 9 of the Amended Complaint are denied.

10. Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11. Defendants admit they began working on formalizing documents for a formal stock option plan and that Plaintiff was advised by Jim Eddings on behalf of Galt, on or about January

1  31, 2005, that Galt was trying to formalize the documentation regarding stock options. Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13. Defendants admit that Eddings discussed with Plaintiff the exercise of stock options in connection with the termination of Plaintiff's employment, and Plaintiff indicated that he would not exercise the options because he did not have the money to do so. Defendants deny the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Defendants admit that Plaintiff and his wife attended a meeting on behalf of Galt in March or April 2006. Defendants deny the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Defendants admit that Galt sold Galt stock to Theragenics pursuant to a Stock Purchase Agreement, which document speaks for itself and Defendants deny any allegations inconsistent with such Agreement. Defendants deny the remaining allegations in Paragraph 15 of the Amended Complaint.

16. Defendants admit that the written Stock Purchase Agreement speaks for itself and Defendants deny any allegations inconsistent with such Agreement. Defendants deny the remaining allegations of Paragraph 16 in the Amended Complaint.

17. Defendants admit that the sale of Galt stock closed on August 2, 2006, pursuant to a Stock Purchase Agreement, which document speaks for itself and Defendants deny any allegations inconsistent with such Agreement.

18. Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Amended Complaint.

19. Defendants admit that no Defendant has paid Plaintiff for any stock option he claims he may have, but deny he is entitled to any such payment. Defendants deny the remaining allegations of Paragraph 19 of the Amended Complaint.

**B. Plaintiff's Causes of Action**

## FIRST CAUSE OF ACTION

### Breach of Contract Regarding Stock Options

### Against Defendants Galt Medical Corp. and Does 1 through 4

20. Galt incorporate the responses to Paragraphs 1-19 of the Amended Complaint above.

21. Galt admit that in a letter dated February 9, 2002, an offer of employment was made to Plaintiff as set forth therein. Such letter speaks for itself, and Galt deny any allegations inconsistent with the terms and conditions of such letter.

22. Galt admits that Duvall undertook employment with Galt and continued his employment with Galt until April 2005. Defendants deny the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Galt admits that Plaintiff was offered and had the right to exercise stock options for 100,000 shares, but failed to properly do so. Galt denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24. Galt denies the allegations in Paragraph 24 of the Amended Complaint.

25. Galt denies the allegations in Paragraph 25 of the Amended Complaint.

26. Paragraph 26 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to an accounting of Defendants' books and records.

27. Paragraph 27 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to interest or any recovery by Plaintiff.

28. Paragraph 28 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to attorneys fees or any recovery by Plaintiff.

## SECOND CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

### Against Defendants Galt Medical Corp. and Does 1 through 4

29. Galt incorporates the responses to Paragraphs 1-28 of the Amended Complaint above.

30. Galt denies the allegations in Paragraph 30 of the Amended Complaint.

31. Galt denies the allegations in Paragraph 31 of the Amended Complaint.

32. Galt denies the allegations in Paragraph 32 of the Amended Complaint.

33. Galt denies the allegations in Paragraph 33 of the Amended Complaint.

34. Paragraph 34 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to an accounting of Defendants' books and records.

35. Paragraph 35 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to interest or any recovery by Plaintiff.

36. Paragraph 36 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to attorneys fees or any recovery by Plaintiff.

## THIRD CAUSE OF ACTION

### Breach of Contract Regarding Stock Options

### Against Defendants Theragenics Corporation and Does 5 through 50

37-47. Paragraphs 37 through 47 have been omitted from the Amended Complaint and, as such, no response from Theragenics is necessary.

## FOURTH CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

### Against Defendants Theragenics Corporation and Does 5 through 50

48-54. Paragraphs 48 through 54 have been omitted from the Amended Complaint and, as such, no response from Theragenics is necessary.

## FIFTH CAUSE OF ACTION

## Violation of California Labor Code

## Against Defendants Galt Medical Corp and Does 1 through 4

55. Galt incorporates the responses to Paragraphs 1-54 of the Amended Complaint above.

56. Galt denies the allegations in Paragraph 56 of the Amended Complaint.

57. Galt admits that it has not paid Plaintiff for any alleged stock options claimed by him, but denies that any such payment is owed, and denies the remaining allegations in Paragraph 57 of the Amended Complaint.

58. Galt denies it owes Plaintiff any compensation, admits that it has not paid Plaintiff for stock options he does not have, denies that any such payment is owed, and denies the remaining allegations in Paragraph 58 of the Amended Complaint.

59. Galt is without sufficient knowledge to admit or deny the allegations in Paragraph 59 of the Amended Complaint.

60. Galt denies the allegations in Paragraph 60 of the Amended Complaint.

61. Galt admits that it has not paid Plaintiff for any alleged stock options he claims, but denies that any such payment is owed, and denies the remaining allegations in Paragraph 61 of the Amended Complaint.

62. Paragraph 62 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations in Paragraph 62 of the Amended Complaint.

63. Paragraph 63 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to an accounting of Defendants' books and records.

64. Paragraph 64 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of any entitlement to damages for emotional distress or any recovery by Plaintiff.

65. Paragraph 65 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to interest or any recovery by Plaintiff.

66. Paragraph 66 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to attorneys fees or any recovery by Plaintiff.

67. Galt denies the allegations in Paragraph 67 of the Amended Complaint.

68. Galt denies the allegations in Paragraph 68 of the Amended Complaint.

69. Paragraph 69 contains procedural allegations which do not call for a response by Galt. However, to the extent an answer is required, Galt denies the allegations of entitlement to punitive damages or any recovery by Plaintiff.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code Section 216

### Against Defendants Theragenics Corporation and Does 5 through 50

70-81. Paragraphs 70 through 81 have been omitted from the Amended Complaint and, as such, no response from Theragenics is necessary.

## SEVENTH CAUSE OF ACTION

### Promissory Fraud

### Against Defendants Galt Medical Corp, Jim Eddings, and Does 3 and 4

82. Galt and Eddings incorporate the responses to Paragraphs 1-81 of the Amended Complaint above.

83. Galt and Eddings admit that in a letter dated February 9, 2002, an offer of employment was made to Plaintiff as set forth therein. Such letter speaks for itself, and Galt and Eddings deny any allegations inconsistent with the terms and conditions of such letter. Galt and Eddings deny the remaining allegations in Paragraph 83 of the Amended Complaint.

84. Galt and Eddings deny the allegations in Paragraph 84 of the Amended Complaint

85. Galt and Eddings deny the allegations in Paragraph 85 of the Amended Complaint.

86. Galt and Eddings deny the allegations in Paragraph 86 of the Amended Complaint.

1   87.   Galt and Eddings deny the allegations in Paragraph 87 of the Amended Complaint.

2   88.   Galt and Eddings deny the allegations in Paragraph 88 of the Amended Complaint.

3   89.   Galt and Eddings deny the allegations in Paragraph 89 of the Amended Complaint.

4   90.   Galt and Eddings deny the allegations in Paragraph 90 of the Amended Complaint.

5   91.   Galt and Eddings deny the allegations in Paragraph 91 of the Amended Complaint.

6   92.   Galt and Eddings deny the allegations in Paragraph 92 of the Amended Complaint.

7   93.   Galt and Eddings deny the allegations in Paragraph 93 of the Amended Complaint.

8   94.   Galt and Eddings deny the allegations in Paragraph 94 of the Amended Complaint.

9   95.   Galt and Eddings deny the allegations in Paragraph 95 of the Amended Complaint.

10  96.   Galt and Eddings deny the allegations in Paragraph 96 of the Amended Complaint.

11  97.   Galt and Eddings deny the allegations in Paragraph 97 of the Amended Complaint.

12  98.   Paragraph 98 contains procedural allegations which do not call for a response by Galt or Eddings. However, to the extent an answer is required, Galt and Eddings deny the allegations of entitlement to punitive damages or any recovery by Plaintiff.

### EIGHTH CAUSE OF ACTION

#### Conversion

**Against Defendants Galt Medical Corp, Theragenics, Jim Eddings, and Does 3, 4, and 20 through 50**

99.   Defendants incorporate their responses to Paragraphs 1-98 of the Amended Complaint above.

100.  Defendants admit that Plaintiff was offered and had the right to exercise stock options for 100,000 shares, but failed to properly do so. Defendants deny the remaining allegations in Paragraph 100 of the Amended Complaint.

101.  Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102.  Defendants deny taking possession of Plaintiff's stock options or otherwise preventing him from having access to those stock options, and deny the remaining allegations of Paragraph 102 of the Amended Complaint.

103.  Defendants deny the allegations in Paragraph 103 of the Amended Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Amended Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Amended Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Amended Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108. Paragraph 108 contains procedural allegations which do not call for a response by Defendants. However, to the extent an answer is required, Defendants deny the allegations of entitlement to punitive damages or any recovery by Plaintiff.

### C. Prayer

1-13. Paragraphs 1 through 13 contain procedural allegations which do not call for a response by Defendants. However, to the extent an answer is required, Defendants deny the allegations of entitlement to any recovery by Plaintiff.

## II. AFFIRMATIVE DEFENSES

1. Defendants affirmatively state that Plaintiff's alleged claims and damages are barred by the statute of frauds.

2. Defendants affirmatively state that Plaintiff's alleged claims and damages are barred by the doctrines of laches, waiver, and/or estoppel.

3. Defendants affirmatively state that Plaintiff lacks standing to bring any claims against Theragenics.

4. Defendants affirmatively state that Eddings is not liable in the capacity in which he has been sued.

WHEREFORE, Defendants respectfully request that upon final hearing judgment be rendered in favor of the Defendants and that Plaintiff recover nothing of or from Defendants and awarding Defendants their reasonable attorneys' fees and costs incurred herein, and granting all such other relief, both legal and equitable, to which Defendants may be justly entitled.

Dated: January 18, 2008

HALLETT & PERRIN, P.C.

By        /s/ Edward P. Perrin, Jr.
EDWARD P. PERRIN, JR.

Attorneys for Defendants GALT MEDICAL CORP., THERAGENICS CORPORATION, and JAMES R. EDDINGS

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on January 18, 2008, on the following counsel of record that are Registered ECF users:

Phil Horowitz
Law Offices of Phil Horowitz
One Market Plaza
Steuart Tower, Suite 2630
San Francisco, CA 94105

*Counsel for Plaintiff*

                 /s/ Edward P. Perrin, Jr.
Edward P. Perrin, Jr.